## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| Woodmen of the World Life Insurance Society, | Civil No. 8:09-cv-00407 |
| Plaintiff, | Judge Joseph F. Bataillon |
| v. | **U.S. BANK NATIONAL ASSOCIATION'S ANSWER TO THE AMENDED COMPLAINT AND ITS COUNTERCLAIM** |
| U.S. Bank National Association, | |
| Defendant. | |

Responding to each paragraph of the Amended Complaint by number, U.S. Bank National Association ("U.S. Bank") answers as follows:

1.    It denies the allegations in paragraph 1, but admits on information and belief that Woodmen is a not-for-profit organization incorporated in the State of Nebraska.

2.    It denies the allegations in paragraph 2, but admits that U.S. Bank National Association is organized under the laws of the United States with its main office in Cincinnati, Ohio, and admits that FAF Advisors, Inc.—which was formerly known as U.S. Bancorp Asset Management, Inc. ("USBAM")—is a wholly owned subsidiary of U.S. Bank.

3.    It denies the allegations in paragraph 3, but admits that it has offices in Nebraska and the City of Omaha.

4.    It admits the allegations in paragraph 4.

5.    It admits the allegations in paragraph 5.

6.    It denies the allegations in paragraph 6.

7.    It denies the allegations in paragraph 7.

8.    It denies the allegations in paragraph 8.

9.    It denies the allegations in paragraph 9.

10.    It denies the allegations in paragraph 10.

11.    It denies the allegations in paragraph 11.

12.    It denies the allegations in paragraph 12.

13.    It denies the allegations in paragraph 13.

14.    It denies the allegations in paragraph 14.

15.    It denies the allegations in paragraph 15.

16.    It denies the allegations in paragraph 16, but states that the Securities Borrowing Agreements and the Securities Lending Agreement with Woodmen and certain trust instruments executed from time to time define the relationships among the parties to securities lending transactions involving Woodmen's securities and U.S. Bank refers plaintiff to those documents for their full force and effect.

17.    It denies the allegations in paragraph 17, but states that the Securities Borrowing Agreements and the Securities Lending Agreement with Woodmen and certain trust instruments executed from time to time define the relationships among the parties to securities lending transactions involving Woodmen securities and U.S. Bank refers plaintiff to those documents for their full force and effect.

18.    It denies the allegations in paragraph 18, but admits that lenders pay borrowers a rebate for the time they hold the cash collateral.

19.    It denies the allegations in paragraph 19, but admits that investment banks and hedge funds sometimes borrow securities under the terms of borrowing agreements.

20.    It denies the allegations in paragraph 20, but admits that lenders invest collateral and borrowers receive a rebate.

21.    It denies the allegations in paragraph 21.

22.    It denies the allegations in paragraph 22, but admits that, in general, securities lenders in the securities lending program—including Woodmen in particular—agreed that to the extent any loss arising out of investments of cash collateral resulted in a deficiency in the amount of collateral available for return to a borrower, the lenders, including Woodmen in particular, would pay the deficiency upon demand by U.S. Bank.

23.    It denies the allegations in paragraph 23, but admits that it has served as custodian for Woodmen's securities since the 1970s.

24.    It admits the allegations in paragraph 24.

25.    It denies the allegations in paragraph 25, but admits Woodmen and U.S. Bank executed an Amended and Restated Securities Lending Agreement on or about March 31, 2006.

26.    It denies the allegations but admits that the Securities Lending Agreement incorporates by reference the Offering Memorandum for the Selected Series (i.e., the Short Term Bond Portfolio and Prime Portfolio), and states it lacks sufficient information to form a belief about whether it was the sole drafter of the Securities Lending Agreement.

27.    It denies the allegations in paragraph 27.

28.    It denies the allegations in paragraph 28.

29.    It admits the allegations in paragraph 29.

30.    It denies the allegations in paragraph 30.

31.    It denies the allegations in paragraph 31.

32.    It denies the allegations in paragraph 32.

33.    It admits the allegations in paragraph 33.

34.    It denies knowledge or information sufficient to form a belief about the allegations in paragraph 34.

35.     It denies the allegations in paragraph 35, but admits it sends Woodmen monthly statements.

36.     It denies the allegations in paragraph 36.

37.     It denies the allegations in paragraph 37, but admits that under the Securities Lending Agreement it loaned Woodmen's securities and invested the cash collateral in the Selected Series and shared income all as specified in the Lending Agreement.

38.     It denies knowledge or information sufficient to form a belief about the allegations in paragraph 38.

39.     It denies the allegations in paragraph 39.

40.     It denies the allegations in paragraph 40.

41.     It denies the allegations in paragraph 41.

42.     It denies the allegations in paragraph 42.

43.     It denies the allegations in paragraph 43 and refers Plaintiff to the Securities Lending Agreement and the Selected Series offering documents and the trust instruments, including the Agreement and Declaration of Trust, as applicable, for their full force and effect.

44.     It denies the allegations in paragraph 44, but admits that the Mt. Vernon Securities Lending Portfolios were available only to participants in U.S. Bank's securities lending program.

45.     It denies the allegations in paragraph 45.

46.     It denies the allegations in paragraph 46.

47.     It admits the allegations in paragraph 47.

48.     It denies the allegations in paragraph 48.

49.     It denies knowledge or information sufficient to form a belief about the truth of

the allegations in paragraph 49, but admits that the Securities Lending Short Term Bond Portfolio bought—among other investments—commercial paper issued by KKR Atlantic, KKR Pacific, and Ottimo Funding before August 2007.

50.    It denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50.

51.    It denies the allegations in paragraph 51.

52.    It denies the allegations in paragraph 52.

53.    It denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 53.

54.    It denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 54.

55.    It denies the allegations in paragraph 55, and denies knowledge or information sufficient to form a belief about the truth of the allegations about Woodmen's knowledge.

56.    It denies the allegations in paragraph 56, but admits, upon information and belief, that rating agencies downgraded KKR Atlantic, KKR Pacific and Ottimo's commercial paper.

57.    It denies the allegations in paragraph 57.

58.    It denies the allegations in paragraph 58, but admits that U.S. Bank knew that the notes of KKR Atlantic, KKR Pacific, and Ottimo were experiencing financial difficulty.

59.    It denies the allegations in paragraph 59, but admits that on or about June 25, 2008, FAF Advisors wrote to the shareholders of the Mount Vernon Securities Short Term Bond Portfolio and refers plaintiff to that letter for its full force and effect.

60.    It denies the allegations in paragraph 60.

61.    It denies the allegations in paragraph 61, but admits that the securities of KKR

Atlantic, KKR Pacific, and Ottimo were restructured.

62. It denies the allegations in paragraph 62.

63. It denies the allegations in paragraph 63, but admits that the NAV of a share of its Short Term Bond Portfolio fell to $.99 in the summer of 2008.

64. It denies the allegations in paragraph 64, but admits that the Short Term Bond Portfolio was restructured and liquidated effective at close of business June 24, 2008, that shareholders received notice dated June 25, 2008, and affirmatively alleges that the restructuring was lawfully done under the governing instruments, including the applicable agreement and declaration of trust, to which plaintiffs are referred for their full force and effect.

65. It denies the allegations in paragraph 65.

66. It denies the allegations in paragraph 66, but admits that the securities of the successors to KKR Atlantic, KKR Pacific, and Ottimo are held in an illiquid securities liquidating trust.

67. It denies the allegations of paragraph 67 and affirmatively alleges that the Trust documents are in writing and describe the Trust's power and authority and U.S. Bank refers plaintiff to those documents for their full force and effect.

68. It denies the allegations in paragraph 68.

69. It denies the allegations in paragraph 69 and affirmatively alleges that it has sent and continues to send Woodmen monthly statements of the performance of the Trusts.

70. It denies the allegations in paragraph 70.

## FIRST CAUSE OF ACTION
## DECLARATORY JUDGMENT

71. In response to paragraph 71, U.S. Bank incorporates its responses to Paragraphs 1 through 70 as if fully set forth.

72.     Paragraph 72 asserts a legal conclusion to which no answer is required of U.S. Bank.

73.     It denies the allegations in paragraph 73.

74.     It admits the allegations in paragraph 74.

75.     It denies the allegations in paragraph 75.

76.     It denies the allegations in paragraph 76.

77.     It denies the allegations in paragraph 77.

78.     It denies the allegations in paragraph 78.

79.     It denies the allegations in paragraph 79.

## SECOND CAUSE OF ACTION
## <u>BREACH OF CONTRACT</u>

80.     In response to paragraph 80, U.S. Bank incorporates its responses to Paragraphs 1 through 79 as if fully set forth.

81.     It denies the allegations in paragraph 81, but admits that it entered into a Securities Lending Agreement with Woodmen.

82.     It denies the allegations in paragraph 82.

83.     It denies the allegations in paragraph 83.

84.     It denies the allegations in paragraph 84.

85.     It denies the allegations in paragraph 85.

## THIRD CAUSE OF ACTION
## <u>NEGLIGENCE</u>

86.     In response to paragraph 86, U.S. Bank incorporates its responses to Paragraphs 1 through 85 as if fully set forth.

87.     It denies the allegations in paragraph 87 and affirmatively alleges that paragraph

10 of the SLA invalidates this purported claim.

88.  It denies the allegations in paragraph 88.

89.  It denies the allegations in paragraph 89.

90.  It denies the allegations in paragraph 90.

91.  It denies the allegations in paragraph 91.

## FOURTH CAUSE OF ACTION
## BREACH OF FIDUCIARY DUTY

92.  In response to paragraph 92, U.S. Bank incorporates its responses to Paragraphs 1 through 91 as if fully set forth.

93.  It denies the allegations in paragraph 93.

94.  It denies the allegations in paragraph 94.

95.  It denies the allegations in paragraph 95.

96.  It denies the allegations in paragraph 96.

97.  It denies the allegations in paragraph 97.

98.  It denies the allegations in paragraph 98.

99.  It denies the allegations in paragraph 99.

100.  It denies the allegations in paragraph 100.

101.  It denies the allegations in paragraph 101.

## FIFTH CAUSE OF ACTION
## GROSS NEGLIGENCE

102.  In response to paragraph 102, U.S. Bank incorporates its responses to Paragraphs 1 through 101 as if fully set forth.

103.  It denies the allegations in paragraph 103.

104.  It denies the allegations in paragraph 104.

105.    It denies the allegations in paragraph 105.

106.    It denies the allegations in paragraph 106.

## SIXTH CAUSE OF ACTION
## NEGLIGENT MISREPRESENTATION

107.    In response to paragraph 107, U.S. Bank incorporates its responses to Paragraphs 1 through 106 as if fully set forth.

108.    It denies the allegations in paragraph 108.

109.    It denies the allegations in paragraph 109.

110.    It denies the allegations in paragraph 110.

111.    It denies the allegations in paragraph 111.

112.    It denies the allegations in paragraph 112.

## SEVENTH CAUSE OF ACTION
## FRAUDULENT MISREPRESENTATION

113.    In response to paragraph 113, U.S. Bank incorporates its responses to Paragraphs 1 through 112 as if fully set forth.

114.    It denies the allegations in paragraph 114.

115.    It denies the allegations in paragraph 115.

116.    It denies the allegations in paragraph 116.

117.    It denies the allegations in paragraph 117.

118.    It denies the allegations in paragraph 118.

119.    It denies the allegations in paragraph 119.

120.    It denies the allegations in paragraph 120.

## EIGHTH CAUSE OF ACTION
## FRAUDULENT CONCEALMENT

121.    In response to paragraph 121, U.S. Bank incorporates its responses to Paragraphs

1 through 120 as if fully set forth.

122.     It denies the allegations in paragraph 122.

123.     It denies the allegations in paragraph 123.

124.     It denies the allegations in paragraph 124.

125.     It denies the allegations in paragraph 125.

126.     It denies the allegations in paragraph 126.

127.     It denies the allegations in paragraph 127.

## NINTH CAUSE OF ACTION
## MINNESOTA UNLAWFUL TRADE PRACTICES ACT ("MUPTA")

128.     In response to paragraph 128, U.S. Bank incorporates its responses to Paragraphs 1 through 127 as if fully set forth.

129.     It admits the allegation in paragraph 129.

130.     It denies the allegation in paragraph 130 as incomplete and refers plaintiff to the statute for its full force and effect.

131.     It denies the allegations in paragraph 131.

132.     It denies the allegations in paragraph 132.

133.     It denies the allegations in paragraph 133.

134.     It denies the allegations in paragraph 134.

## TENTH CAUSE OF ACTION
## ACCOUNTING

135.     In response to paragraph 135, U.S. Bank incorporates its responses to Paragraphs 1 through 134 as if fully set forth.

136.     It denies the allegations in paragraph 136 and incorporates its response to paragraph 67 as if fully set forth.

137.   It denies the allegations in paragraph 137, but states that Woodmen receives monthly statements.

138.   It denies the allegations in paragraph 138.

139.   All allegations not specifically admitted herein are denied.

140.   U.S. Bank denies that Plaintiff is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

141.   Plaintiff's complaint, in whole and in part, fails to state a claim upon which relief can be granted.

142.   Plaintiff's claims are barred by exculpatory provisions in the Securities Lending Agreement.

143.   Plaintiff's claims are barred by the doctrines of ratification, waiver, estoppel, and laches.

144.   Plaintiff's claims are subject to comparative fault.

145.   Plaintiff's claims are barred by the doctrine of impossibility of performance.

146.   Plaintiff's claims are barred by the doctrine of unclean hands.

147.   Plaintiff's claims for alleged violations of the Minnesota Unlawful Trade Practices Act fail because plaintiff's action does not provide a public benefit.

148.   Plaintiff's claims for alleged violations of the Minnesota Unlawful Trade Practices Act fail because the statute does not permit a private remedy for damages.

149.   Defendant U.S. Bank pleads by reference any and all remaining applicable affirmative defenses as set forth in Rule 8 of the Federal Rules of Civil Procedure.

150.   Defendant U.S. Bank does not waive, but expressly reserves, all other affirmative defenses that may be disclosed by further investigation and discovery.

11

## COUNTERCLAIM

1.      Under section 11(f) of the Securities Lending Agreement in effect at the time of this action, Woodmen agreed to reimburse U.S. Bank and hold it harmless from and against any and all costs, expenses, damages, liabilities, or claims including reasonable fees and expenses of counsel incurred by the Bank by reason of or as a result of any action taken or omitted by the Bank in connection with operating under the Securities Lending Agreement (including, but not limited to the holding or investment of collateral) other than those costs arising out of the gross negligence, bad faith, or willful misconduct of the Bank.

2.      The plaintiff has made claims in this suit by reason of and as a result of actions taken and omitted by the Bank in connection with operating under the Securities Lending Agreement (including the holding and investment of collateral) and those claims do not arise from any gross negligence, bad faith, or willful misconduct of the Bank.

3.      U.S. Bank has incurred costs, expenses and damages including reasonable fees and expenses of counsel to defend against plaintiff's claims and will continue to incur them.

4.      U.S. Bank has been damaged and will continue to be damaged in an amount to be determined upon resolution of this action.

WHEREFORE, Defendant U.S. Bank respectfully prays unto the Court that:

1.      Plaintiff's Amended Complaint be dismissed with prejudice and all relief plaintiff seeks be denied;

2.      Plaintiff recover nothing from the Defendant U.S. Bank;

3.      All costs U.S. Bank incurs defending this action, including reasonable attorneys' fees, be taxed against Plaintiff; and

4.      U.S. Bank have such other relief as the Court deems appropriate.

## JURY DEMAND

Under Rule 38 of the Federal Rules of Civil Procedure, U.S. Bank demands a jury trial.

Dated: August 20, 2010.                     FLYNN, GASKINS & BENNETT, L.L.P.


                                             /s/Steve W. Gaskins
                                            Steve W. Gaskins #147643
                                            Wendy M. Canaday #0302351
                                            333 South 7th Street, Ste. 2900
                                            Minneapolis, MN 55402
                                            (612) 333-9500
                                            (612) 333-9579 (fax)


## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2010, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which will send notification of such filing to the

following:

Mark E. Novotny     mnovotny@ldmlaw.com, cathyv@ldmlaw.com, dawnk@ldmlaw.com,
seden@ldmlaw.com

Matthew B. Reilly     mreil@eslaw.com

Patrick G. Vipond     kathyp@ldmlaw.com, pvipond@ldmlaw.com

Richard J. Gilloon     rgill@eslaw.com, jbauc@eslaw.com

Steve W. Gaskins     sgaskins@flynngaskins.com, jtakata@flynngaskins.com

Wendy M. Canaday     wcanaday@flynngaskins.com, jtakata@flynngaskins.com

Sara H. Daggett     sdaggett@flynngaskins.com, mwoehler@flynngaskins.com


Dated: August 20, 2010               s/Steve Gaskins
                                    Steve Gaskins, Admitted Pro Hac Vice