IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WOODMEN OF THE WORLD LIFE INSURANCE SOCIETY, ) ) ) | |
| Plaintiff, ) ) | 8:09CV407 |
| v. ) ) | ORDER |
| U.S. BANK NATIONAL ASSOCIATION, ) ) | |
| Defendant. ) | |

This matter is before the court following a hearing on August 24, 2010, at which the court heard oral argument on the following discovery-related motions filed by the parties: the plaintiff's Motion to Complel [sic] Discovery from U.S. Bank (Filing No. 62); the Joint Motion for Protective Order of Defendant U.S. Bank and of Third Party FAF Advisors Inc. (Filing No. 46); and the Joint Motion for Protective Order of Defendant U.S. Bank and of Third Party Mount Vernon Securities Lending Trust (Filing No. 54). The parties have submitted briefs (Filing Nos. 47, 55, 57, 59, 63, 68, and 71) and indexes of evidence (Filing Nos. 49, 56, 58, 60, 64, 69) in support of their respective positions.

BACKGROUND

This action arises out of losses Woodmen of the World Life Insurance Society (Woodmen) sustained through its participation in U.S. Bank National Association's (U.S. Bank) securities lending and cash collateral investment program. **See** Filing No. 15 - Amended Complaint. According to U.S. Bank, its securities lending program is

> an optional service offered by U.S. Bank to its Institutional Trust & Custody clients and administered by FAF Advisors. Participants in the program lend securities that they own to borrowers (typically broker-dealers and hedge funds) who, in return, post case collateral. FAF Advisors then invests the case collateral at the option of its client in shares of one of two series of the Mount Vernon Securities Lending Trust (either the Prime Portfolio or the Short-Term Bond Portfolio) and serves as the Trust's investment manager.

Filing No. 47 - Brief p. 2.

Trial in this matter is tentatively set for the month of June 2011. **See** Filing No. 28 - Initial Progression Order. On August 6, 2010, Chief Judge Joseph F. Bataillon denied U.S.

Bank's motion to dismiss the amended complaint.  **See** Filing No. 70 - Memorandum and Order.

The parties' current disputes relate to discovery sought by Woodmen.  On May 17, 2010, Woodmen served U.S. Bank with requests for production of documents pursuant to Fed. R. Civ. P. 34.  **See** Filing No. 41 - Notice of Service.  On June 17, 2010, U.S. Bank served Woodmen with written responses but no documents.  **See** Filing No. 56-4, Ex. D - U.S. Bank's Response to Plaintiff's Requests for Production of Documents (Set I).  U.S. Bank raised objections to many of Woodmen's document requests primarily on the bases that they were unduly burdensome, overly broad, vague, called for confidential commercial information, or were protected or potentially protected by attorney-client or work product doctrine.  **See** Filing No. 56-4, Ex. D - U.S. Bank's Response to Plaintiff's Requests for Production of Documents (Set I).  In addition, U.S. Bank informed Woodmen that U.S. Bank's attorneys would begin to review the documents for responsiveness, privilege, and confidentiality beginning the week of June 28, 2010, and that "non-privileged, non-work product documents will be produced on a rolling basis, upon the parties' agreement to a confidentiality stipulation." *Id.* at 3.  In correspondence dated July 12, 2010, counsel for U.S. Bank informed Woodmen that production of the documents would likely begin July 30, 2010.  **See** Filing No. 64-4, Ex. C - Letter.  As of July 16, 2010, the date the motion to compel was filed, Woodmen had received no documents from U.S. Bank in response to its document requests, even those to which U.S. Bank expressed no objection.  **See** Filing No. 63 - Brief, pp. 1, 5, 9-10.  At the hearing on September 24, 2010, counsel for U.S. Bank represented to the court that approximately 10,000 pages of documents had been produced but completion of the document review and production was estimated to take another 14 to 22 weeks.  **See** Filing No. 79 - Transcript (TR) 15, 43.

In late May and early June 2010, Woodmen served subpoenas duces tecum on nonparties FAF Advisors, Inc. (FAF) and the Mount Vernon Securities Lending Trust (the Trust) seeking the production of certain documents.  **See** Filing No. 49-5, Ex. E - Subpoena issued to FAF; and Filing No. 56-5, Ex. E - Subpoena issued to the Trust).

2

**A.  Plaintiff's Motion to Compel**

Woodmen filed its motion to compel after attempts by parties' counsel to resolve the discovery issues through a meet-and-confer call and correspondence failed to bring a resolution.  **See** Filing No. 64-1 - Affidavit.  Woodmen seeks an order from the court compelling U.S. Bank to produce all responsive documents within 14 days[1]; overruling any objections specifically set forth in U.S. Bank's responses to Woodmen's Requests for Production of Documents; and finding that U.S. Bank has waived any objections which are not specifically stated in its responses, including any privilege objections for which no privilege log was produced.  **See** Filing No. 62 - Motion to Compel p. 4-5.

Woodmen's brief filed in support of its motion to compel (addresses the numerous objections raised by U.S. Bank in response to Woodmen's request for the production of documents.  **See** Filing No. 63.  However, U.S. Bank's responsive briefing and the oral argument in this matter have considerably narrowed the issues for the court.  **See** Filing No. 68 - Response; and Filing No. 79 - Transcript.  The following issues remain for the court to determine:  1) the speed of document production; 2) production of the identities and contracts of other participants in the short term bond fund; and 3) the potential waiver of objections.

1.  Production deadlines

As an initial matter, Woodmen argues that U.S. Bank is engaging in delay tactics and attempting to dictate the schedule and terms of document production through its rolling document production schedule and its requirement of a confidentiality agreement.  **See** Filing No. 63 - Brief p. 5.  U.S. Bank contends that its document collection and review process is reasonable given the complexity of the litigation and the volume of documents to review.  **See** Filing No. 68 - Response p. 10.

> The documents are from U.S. Bank, FAF Advisors, and the Mount Vernon Securities Lending Trust, and have been gathered from more than 30 custodians.  They were not easily gathered and produced.  The logistics of collecting over 3,000,000 documents, storing the information in a retrievable,

---

[1] In its brief, Woodmen informs the court of its intention to exclude FAF Advisors' emails from the documents sought in its motion to compel. Woodmen states that it is working with U.S. Bank toward an agreement on search terms and parameters with respect to those specific requests for electronic documents. **See** Filing No. 63 - Brief p. 10-11.

3

> manageable, and searchable format, reviewing the database for privileged or confidential documents and producing responsive, non-privileged, non-confidential documents in manageable form cannot even be easily explained, much less easily accomplished.

*Id.*

2. Other Shareholders

Woodmen seeks "copies of all documents, electronically stored information, or other tangible items which identifies or lists the name of all participants in the Mount Vernon Securities Lending Short-Term Bond Fund for the period October 2005 through December 2008," as well as "copies of all Securities Lending Agreements executed by U.S. Bank and other participants in U.S. Bank's securities lending program for the years 2005 through 2008." Filing No. 56-3, Ex. C - Request for Production of Documents Nos. 1 and 5.

U.S. Bank is unwilling to disclose the identities of those shareholders,[2] but it will provide Woodmen with the *number* of shareholders, so that Woodmen knows the size of its putative class to support any future motion for class certification. **See** Filing No. 68 - Response p. 7. U.S. Bank contends shareholders have a right to privacy and Woodmen has shown no need or legal authority to obtain identifying information, in part, because the amended complaint does not include a class action. *Id.*

In reply, Woodmen argues the identities and contracts of other shareholders is not confidential information. **See** Filing No. 71 - Reply p. 10, 13. Moreover, Woodmen contends the information is not sought for the sole purpose of a potential class action, but as information relevant to Woodmen's current causes of action against U.S. Bank, including breach of fiduciary duty and misrepresentation claims.[3] **See** Filing No. 15 - Amended Complaint.

3. Waiver of objections

---

[2] Both parties recognize that the identities of shareholders who own more than 5% of a portfolio's shares have been disclosed under SEC regulations, so those shareholders have no expectation of privacy. Filing No. 63 - Brief p. 14; Filing No. 68 - Response p. 7.

[3] Woodmen seeks information from other shareholders including representations made to them and their access to information regarding the fund's performance. **See** Filing No. 63 - Brief p. 14-15.

4

Woodmen argues U.S. Bank has failed to assert objections to many of Woodmen's requests and U.S. Bank's blanket statement "non-privileged, non-work product documents will be produced"[4] is insufficient to preserve any objection based on privilege. Filing No. 63 - Brief p. 11. Woodmen contends U.S. Bank failed to provide any evidence supporting its objections that Woodmen's requests are overly broad, unduly burdensome, or vague. *Id.* at 20-21. Woodmen also argues U.S. Bank's failure to produce a privilege log pursuant to the Initial Progression Order (Filing No. 28) results in the waiver of objections based on privilege. **See** Filing No. 71 - Reply p. 24. Finally, Woodmen argues the objections to its document requests are unsupported or have been waived and as a result, the objections should be overruled and the requested material produced by U.S. Bank. **See** Filing No. 63 - Brief.

U.S. Bank argues it has not waived any objection, that its timely filed objections to certain requests by Woodmen were sufficient to preserve those objections. **See** Filing No. 68 - Response p. 8. U.S. Bank contends that "under the federal discovery rules, there is no automatic waiver upon a party's failure to timely produce a privilege log." *Id.* U.S. Bank argues that it cannot produce a privilege log until the documents have been reviewed for that purpose. Accordingly, U.S. Bank's intention is to produce a privilege log as documents are withheld under their review process. *Id.* at 11.

**B.     Joint Motions for Protective Orders**

The issues are the virtually the same in the two motions for protective orders filed in response to Woodmen's subpoenas duces tecum served on nonparties FAF and the Trust.

U.S. Bank, FAF, and the Trust argue the subpoenas are duplicative of the discovery requests Woodmen served on U.S. Bank. Counsel for U.S. Bank states that FAF is a wholly owned subsidiary of U.S. Bank. **See** Filing No. 48 - Gaskins' Decl.; Filing No. 56-8, Ex. H - Gaskins' Decl. U.S. Bank further contends "the documents within the possession, custody, or control of Mount Vernon are also in the possession, custody and control of U.S. Bank." Filing No. 55 - Brief p. 7. U.S. Bank contends that its response to Woodmen's discovery

---

[4] This language is included in the majority of U.S. Bank's responses to Woodmen's requests for production of documents. **See** Filing No. 56-4, Ex. D - U.S. Bank's Response to Plaintiff's Requests for Production of Documents (Set I).

5

requests includes documents belonging to the Trust and that U.S. Bank's discovery responses are "on its own behalf and for FAF Advisors." **See** Filing No. 46 - Motion p. 1.

U.S. Bank, FAF and the Trust argue that the documents sought in the subpoenas may be conveniently obtained from U.S. Bank because the documents are under U.S. Bank's custody and control. Therefore, U.S. Bank, FAF and the Trust ask that the court modify the subpoenas to eliminate document requests that are identical or duplicative of the discovery requests directed toward U.S. Bank and to allow U.S. Bank to treat certain other "unique" subpoena requests as additional requests for production of documents.

Woodmen contends that the requests are not as identical as U.S. Bank's argument suggests, that they are specific to FAF and the Trust. Woodmen also notes that it seeks documents separately from the three entities to enable it to determine which entity had or did not have particular information and when that entity acquired said information.

Finally, U.S. Bank, FAF and the Trust argue that compliance with the subpoenas would be unduly burdensome given the large number of documents currently under review by U.S. Bank in responding the Woodmen's Rule 34 request. **See** Filing No. 47 - Brief p. 9; Filing No. 55 - Brief p. 8. Woodmen counters that the nonparty subpoenas on FAF and the Trust impose no burden on U.S. Bank. Woodmen argues that FAF and the Trust are separate legal entities. "The fact that U.S. Bank has undertaken the responsibility for producing these documents on behalf of FAF Advisors and the Trust, rather than allowing these parties to respond on their own, cannot serve as a basis for arguing that Woodmen is unduly burdening it." **See** Filing No. 57 - Response p. 13. Woodmen contends that it would consider condensing discovery if U.S. Bank were to sign and file a stipulation with the court that U.S. Bank agrees, for the purpose of this litigation and the Securities Lending Agreement, that FAF and the Trust were agents of U.S. Bank. **See** Filing No. 56-7 - June 2, 2010 email. U.S. Bank has declined to do so.

## ANALYSIS

Parties may discover any relevant, unprivileged information that is admissible at trial or is reasonably calculated to lead to admissible evidence. **See** Fed. R. Civ. P. 26(b)(1).

Relevancy is to be broadly construed for discovery issues and is not limited to the precise issues set out in the pleadings. Relevancy, for purposes of discovery, has been defined by the United States Supreme Court as encompassing "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Discovery requests should be considered relevant if there is any possibility the information sought is relevant to any issue in the case and should ordinarily be allowed, unless it is clear the information sought can have no possible bearing on the subject matter of the action. **See** *Burlington Ins. Co. v. Okie Dokie, Inc.*, 368 F. Supp. 2d 83, 86 (D. D.C. 2005). The proponent of discovery must make a threshold showing of relevance before production of information, which does not reasonably bear on the issues in the case, is required. *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1993). Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity, the information they hope to obtain and its importance to their case. **See** *Cervantes v. Time, Inc.*, 464 F.2d 986, 994 (8th Cir. 1972).

Once the requesting party meets the threshold relevance burden, generally "[a]ll discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden." *Continental Ill. Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 684-85 (D. Kan. 1991) (citation omitted). The party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper. *St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 511-12 (N.D. Iowa 2000) (objecting party has burden to substantiate objections). Bare assertions that discovery requested is overly broad, unduly burdensome, oppressive or irrelevant are ordinarily insufficient to bar production. *Id.* "The party resisting discovery must show specifically how . . . each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive." *Id.* The party resisting discovery has the burden to show facts justifying its objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome. **See** *Wagner v. Dryvit*

*Sys., Inc.*, 208 F.R.D. 606, 610 (D. Neb. 2001). This imposes an obligation to provide sufficient detail and explanation about the nature of the burden in terms of time, money and procedure required to produce the requested documents. **See** *id.* The court has discretion to limit the scope of discovery if it has a good reason to do so. *Credit Lyonnais v. SGC Int'l, Inc.*, 160 F.3d 428, 431 (8th Cir. 1998).

### A. Plaintiff's Motion to Compel

1. Production deadlines

Woodmen is clearly frustrated by the pace of document production. U.S. Bank contends that Woodmen is making unreasonable demands with respect to the timeline for production of documents, given the large number of documents involved and the complexity of the case.

The court recognizes that the process of document production is underway, that U.S. Bank has engaged the services of a third-party document administrator, and that the parties have been engaged in discussions with respect to appropriate search terms and Woodmen's preferred format for receiving those documents. The court is satisfied that U.S. Bank is proceeding with diligence to review the electronic documents sought by Woodmen, including email communications, and to produce them in a prompt manner.[5] However, the court finds that Woodmen's frustration with respect to U.S. Bank's delay in producing non-electronic documents is well-founded. The court is not convinced that U.S. Bank has sufficiently explained the delay in production of the physical documents, for example, the minutes from board meetings and board materials contained in a number of banker's boxes and being scanned and converted into electronic form for production. U.S. Bank shall produce any documents that exist in physical document form and that are responsive to Woodmen's requests for production within fifteen business days of this order.

2. Other Shareholders

---

[5] At the hearing, U.S. Bank represented to the court that the process of producing the documents requested by Woodmen is well underway with nearly 10,000 pages produced, and that scheduled training of additional attorneys to review documentation would bring the number of attorneys employed to facilitate document production to 45 as of the following week. **See** Filing No. 79 - Transcript, p. 15.)

U.S. Bank states it intends to provide Woodmen with information concerning the number of shareholders. Filing No. 68 - Response p. 7. According to U.S. Bank, that is the only information necessary for Woodmen to determine the class action possibility. Woodmen believes otherwise. As of the time of the hearing, the parties had failed to come to an agreement on the terms of a protective order with respect to the information surrounding these other participant in the Short-Term Bond Fund.

In any event, the court finds the plaintiff has made a sufficient showing that the identities and contracts of the other shareholders are relevant to the matters at hand under the broad definition of relevance recognized by the Court in ***Oppenheimer***. Although the court agrees that some restriction on the use of information concerning other shareholders may be appropriate, the court believes that a protective order could be crafted to adequately protect any confidential information regarding those shareholders. Woodmen and U.S. Bank shall jointly submit a draft protective order to the court. If they are unable to reach agreement on the terms of such an order, the court will choose from among the proposed orders submitted separately by the parties.

3.     Waiver of Objections

The court finds that U.S. Bank has failed to sustain its burden justifying its objections based on vagueness, overbreadth, and undue burden. Accordingly, U.S. Bank's objections based on vagueness, overbreadth, and undue burden are overruled and Woodmen's motion to compel is granted with respect to the corresponding requests. To the extent U.S. Bank contends that any responsive documents are governed by the work-product doctrine or the attorney-client privilege, U.S. Bank shall specifically identify the allegedly protected documents associated with each discovery request. U.S. Bank cannot be expected to produce a privilege log before the documents are reviewed but the court directs U.S. Bank to produce an initial privilege log and supplement the log on a regular basis, once every two weeks, as production of documents continues.

Finally, the court will address U.S. Bank's statement that document production would begin upon the parties' agreement to a confidentiality stipulation. Filing No. 56-4, Ex. D, Response to Plaintiff's Requests for Production of Documents (Set I). The court notes that U.S. Bank has not filed a motion for protective order seeking affirmative relief from the court

with respect to issues of confidentiality in responding to Woodmen's Rule 34 document requests, yet it seeks to dictate the terms of production. The court finds that U.S. Bank may not withhold documents which are responsive to Woodmen's requests based on the inability of the parties to reach a consensus on the terms of a confidentiality agreement.[6] U.S. Bank shall proceed with production of documents at once.

### B.  Joint Motions for Protective Orders

The court finds Woodmen's argument that the failure of both U.S. Bank and the nonparties to object to the notice and issuance of Woodmen's subpoenas should result in a waiver of any motion for protective order, unconvincing. NECivR 45.1(d) states: "Failure to object to issuance of a subpoena to a nonparty does not preclude an adverse party from moving for a protective order under Federal Rule of Civil Procedure 26(c)."

U.S. Bank has represented to the court that it is in possession, custody, and control of the documents from FAF and the Trust. **See** Filing No. 79 - TR 4-5; Filing No. 47 - Brief p. 8; Filing No. 55 - Brief p. 7. As such, the court will allow the document requests contained in the subpoenas to be considered additional requests for production under Rule 34 and will allow U.S. Bank to respond to those requests. However, the court finds that U.S. Bank has voluntarily assumed the burden of producing documents on behalf of FAF and the Trust, and that its document production cannot be limited to those requests that mirror the Rule 34 requests directed at U.S. Bank. That is, U.S. Bank must produce those documents that are responsive to the specific requests in the subpoenas served by Woodmen upon FAF and the Trust. If uncertainty about the source of documents arises from U.S. Bank's production of documents on behalf of FAF and the Trust, Woodmen may take depositions necessary to identify the source of the document at U.S. Bank's expense. Upon consideration,

**IT IS ORDERED:**

1. The Joint Motion for Protective Order of Defendant U.S. Bank and of Third Party FAF Advisors Inc. (Filing No. 46) is granted to the extent that U.S. Bank will be allowed to produce the documents requested in the subpoena.

---

[6] The court's decision to allow the parties to submit a proposed protective order regarding documentation related to other participants in the short-term bond fund is not affected.

      2.      The Joint Motion for Protective Order of Defendant U.S. Bank and of Third Party Mount Vernon Securities Lending Trust (Filing No. [54](#)) is granted to the extent that U.S. Bank will be allowed to produce the documents requested in the subpoena.

      3.      Woodmen's Motion to Compel Discovery from U.S. Bank (Filing No. [62](#)) is granted as follows, and otherwise denied.

            a.      U.S. Bank's objections based on vagueness, undue burden, overbreadth, and confidential commercial information are overruled.

            b.      U. S. Bank shall provide documents that exist in hard form within fifteen business days of the date of this order.

      4.      **On or before October 20, 2010**, the parties shall submit to the court a draft protective order to address documents sought with respect to other participants in the short-term bond fund, agreed to by the parties, or if no agreement is reached, separate draft orders, from which the court will select.

      5.      The defendant shall produce a privilege log **on or before October 20, 2010**, and shall supplement that log every two weeks until document production is completed.

### ADMONITION

Pursuant to [NECivR 72.2](#) any appeal of this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served. Failure to timely appeal may constitute a waiver of any objection. The brief in support of any appeal shall be filed at the time of filing such appeal. Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

      DATED this 8th day of October, 2010.

                                        BY THE COURT:

                                        s/ Thomas D. Thalken
                                        United States Magistrate Judge

---

      *This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.