IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WOODMEN OF THE WORLD LIFE INSURANCE SOCIETY, | ) ) ) | |
| Plaintiff, | ) ) | 8:09CV407 |
| v. | ) ) | ORDER |
| U.S. BANK NATIONAL ASSOCIATION, | ) ) ) | |
| Defendant. | ) | |

This matter is before the court on the plaintiff's motion to amend the protective order (Filing No. 100). The parties have submitted briefs (Filing Nos. 101, 105, 117) and indexes of evidence (Filing Nos. 106, 118) in support of their respective positions. Counsel for the parties and the undersigned magistrate judge briefly discussed the matter during a telephone status conference on April 1, 2011.

## BACKGROUND

The plaintiff seeks an order modifying the October 25, 2010, Protective Order (Filing No. 89) entered in this case after the parties, unable to agree to terms, submitted separate proposed orders to the court. Prior to filing the current motion to amend, the plaintiff's counsel conferred with the defendant's counsel in an effort to reach an agreement as to the requested modifications. **See** Filing No. 100 - Motion p. 4-5. Unable to resolve the matter between themselves, the plaintiff filed a motion to amend the protective order and attached a proposed amended protective order incorporating the requested modifications.

The plaintiff notes the terms of the Protective Order anticipated the possibility of amendment: "Any party may apply to the Court for a modification of the Protective Order, and nothing in the Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate." **See** Filing No. 89 - Protective Order ¶ 12. In support of its motion the plaintiff claims that at the time the original protective order was entered, the plaintiff was unable to foresee the overly restrictive nature of that order, due to the defendant having produced very little discovery

up to that point. See Filing No. 101 - Brief p. 1. The plaintiff cites *Iowa Beef Processors, Inc. v. Bagley*, 601 F.2d 949 (8th Cir. 1979) in support of its argument that "if intervening events diminish or eliminate the justification for issuing the order in the first place, lifting the order may be appropriate." See Filing No. 101 - Brief p. 3. The plaintiff further cites decisions from courts outside the Eighth Circuit to support its contention that "if good cause was not required to be shown in order for the protective order to issue in the first place, then the party opposing modification bears the burden of showing good cause why the order should not be modified." *Id.* at 4.

The defendant opposes the plaintiff's motion to amend, arguing the plaintiff has failed to show "that intervening circumstances have obviated the potential prejudice to [the defendant] if the proposed modifications are made changing the ambit of the protection of the Bank's confidential documents" as required under **Bagley**. Filing No. 105 - Response p. 7. Moreover, the defendant argues that because it produced unredacted documents in reliance on the terms of the original Protective Order, it is entitled to a "more exacting standard." *Id.* Citing a case from the Second Circuit, *AT&T Corp. v. Sprint Corp.*, 407 F.3d 560, 562 (2d Cir. 2005), the defendant argues the burden is on the plaintiff, as the party seeking to amend the protective order, to show an extraordinary change in circumstances or a compelling need to amend the protective order when the defendant has acted in reliance on the terms of the original order in producing discovery. The defendant contends the plaintiff has failed to meet this substantial burden by asserting the terms of the current Protective Order are "inconvenient to the way [the plaintiff] wants to investigate the case" but the plaintiff does not assert the defendant's documents no longer need protection. See Filing No. 105 - Response p. 1.

In reply, the plaintiff argues the defendant's reliance on case law from the Second Circuit, with its heightened standard, should not control. See Filing No. 117 - Reply p. 4. Moreover, the plaintiff argues the defendant has offered no evidence, with the exception of the declaration of counsel, that the defendant produced unredacted documents in reliance on the Protection Order. *Id.* at 5. Rather, the plaintiff argues, the document production was in response to the court's October 8, 2010, order ruling on the plaintiff's motion to compel and ordering the defendant to produce "documents that exist in hard form

within fifteen business days." *Id.*; **See also** Filing No. 88 - Order p. 11. The court will evaluate the specific proposed changes below.

A. Paragraphs 4 & 6 - Conferring with Third Parties

Plaintiff proposes adding the following categories to paragraph 4, thereby expanding the list of those individuals to which access to confidential documents is limited, to include:

> (h) Board members, trustees, employees, or advisors of other participants in the US Bank securities lending program who agree and sign and execute the above-referenced Written Assurance agreement; and
>
> (i) Other potential witnesses or members of the Short Term Bond Fund at issue in this case who agree and sign and execute the above-referenced Written Assurance agreement.

**See** Filing No. 100 - Ex. A (proposed amended protective order).

Although not specifically discussed in the plaintiff's briefs, the proposed amended protective order also includes alterations to other subsections of paragraph 4, removing language from (f), indicated by strikeout, and adding language to (g), indicated by bold print, as follows:[1]

> (f) outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its Attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to give testimony in this action; and
>
> (g) persons **who may be** called to give testimony in any capacity in this action who agree and sign and execute a Written Assurance agreement attached hereto, marked Exhibit A and incorporated herein by this reference;

*Id.*

The plaintiff further proposes adding language, indicated by bold print, and removing language, indicated by strikeout, from paragraph 6 as follows:

> Each person appropriately designated pursuant to paragraphs 4(f), 4(g), **4(h) and/or 4(i)** above to receive and/or review Confidential information shall

---

[1]The proposed changes to subsections (f) and (g) were also omitted from the chart, included in the plaintiff's brief, which sets out the requested modifications to the Protective Order. **See** Filing No. 101 - Brief p. 5-6.

> execute a "Written Assurance" in the form attached as Exhibit A prior to receiving and/or reviewing any such document. ~~Opposing counsel shall be notified at least 5 business days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of or any customer of the party whose designated documents are sought to be disclosed. Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a party objects in writing to such disclosure within 5 business days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.~~

*Id.*

The plaintiff contends the current terms of the Protective Order have a "chilling effect . . . on Plaintiff's ability to communicate with other participants in Defendant's securities lending program" and places an unfair disadvantage on the plaintiff. **See** [Filing No. 101](#) - Brief p. 7-8. "Plaintiff is forbidden under the present version of the Protective Order from even asking the participants/potential witnesses what they learned from the communications with US Bank." *Id.* at 8. The plaintiff contends those other participants may be able to provide information as to "whether U.S. Bank satisfied its fiduciary duty to treat equally all members of the STB Fund and to not elevate U.S. Bank's own interests over the rights of Woodmen and other STB Fund Members," which is relevant the plaintiff's breach of fiduciary claim. **See** [Filing No. 117](#) - Reply p. 11.

The plaintiff further argues the 5-day notice provision is unnecessary because the Written Assurance agreement provides the parties with adequate protection. See [Filing No. 101](#) - Brief p. 9. More importantly, the plaintiff argues the notice provision obligates the plaintiff to "reveal information relating to its counsels' mental impressions and thought processes, in blatant disregard for the protections afforded by the attorney work product doctrine." *Id.* at 10. The plaintiff maintains that having to identify to the defendant every individual with which the plaintiff wants to talk and discuss discovery documents, is prejudicial to the plaintiff. Finally, the plaintiff contends that the notice provision, and the inevitable motion practice that will ensue, will cause significant delays in the discovery process. *Id.* at 11-12.

The defendant argues the plaintiff overstates its case. The defendant states the plaintiff is not prohibited from conferring with third parties, only from sharing the

defendant's confidential documents with "persons who have no connection to this litigation or are not witnesses at a hearing or deposition." **See** Filing No. 105 - Response p. 9. The defendant contends, contrary to the plaintiff's position, the notice requirement provides significantly more protection to the parties than the Written Assurance alone. *Id.* at 11. The defendant further argues the plaintiff's argument that the notice process will cause imminent delay is merely speculative. *Id.* at 11-12. Moreover, the plaintiff's arguments have been previously rejected by the court at the time the current Protective Order was entered. *Id.* at 10.

B.  Paragraph 5 - Documents Produced by Third Parties

The plaintiff proposes adding language, indicated by bold print, to paragraph 5 as follows:

> Third parties producing documents in the course of this action, **pursuant to subpoena**, may also designate documents as "Confidential," subject to the same protections and constraints as the parties to the action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties shall be treated as "Confidential" for a period of 14 days from the date of their production, and during that period any party may designate such documents as "Confidential" under the terms of the Protective Order.

Filing No. 100 - Ex. A (amended protective order).

The plaintiff contends "[t]here is no rational justification for holding third parties to the same standard whether they produce documents voluntarily, or instead under compulsion of a subpoena." **See** Filing No. 101 - Brief p. 7. The plaintiff argues documents produced voluntarily by a third party should not be treated as confidential for 14 days in accordance with the Protective Order, but rather the provision should apply only to documents produced in response to a subpoena. *Id.*

The defendant argues the proposed modification is unnecessary. **See** Filing No. 105 - Response p. 8. "There is nothing in any part of the Protective Order that requires any party (including third parties) to designate any document as Confidential and no document is 'deemed' Confidential without being so designated." *Id.* The defendant contends the current Protective Order allows third parties to voluntarily share documents with the plaintiff

without designating those documents as "confidential." *Id.* at 7. The defendant further argues the plaintiff fails to address the "intervening circumstances obviating the potential prejudice to third parties who do wish to designate documents as Confidential and so fails to satisfy the applicable legal standard that would allow modification of the existing order." *Id.*

## ANALYSIS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents . . ." Fed. R. Civ. P. 26(b)(1). However, "[t]he District Court does have discretion to limit the scope of discovery." *Credit Lyonnais v. SGC Int'l, Inc.*, 160 F.3d 428, 431 (8th Cir. 1998). The court may, for good cause shown, issue a protective order. **See** to Fed. R. Civ. P. 26(c). Once a protective order is issued, a showing that intervening circumstances have obviated or eliminated any potential prejudice to the protected party must be made by the party attempting to amend or lift the protection initially granted. **See** *Bagley*, 601 F.2d at 954; *Jochims v. Isuzu Motors*, 151 F.R.D. 338 (S.D. Iowa 1993).

At the August 24, 2010, hearing on the plaintiff's motion to compel (Filing No. 62), the parties informed the court of their efforts to reach agreement on terms of a stipulated confidentiality order. **See** Filing No. 79 - Transcript (TR.) p. 21. The court ordered the parties to "submit to the court a draft protective order to address documents sought with respect to other participants in the short-term bond fund, agreed to by the parties, or if no agreement is reached, separate draft orders, from with the court will select." **See** Filing No. 88 - Order ¶ 4. The parties submitted to the court separate draft orders, covering a much broader range of discovery than outlined by the order, along with a joint letter detailing the parties' continued differences. **See** Filing No. 106 - Index of Evidence, Exs. 2-4. After considering both drafts, the court adopted the defendant's draft with minor alterations. **See** Filing No. 89 - Protective Order. The protective order was expressly issued to safeguard confidential information "pursuant to Fed. R. Civ. P. 26(c)," the court therefore having found good cause for its issuance. *Id.*

At the time of the hearing and the subsequent issuance of the Protective Order, document production was just getting underway. In fact, the pace of the defendant's document production was an issue in the plaintiff's motion to compel (Filing No. 62) and addressed by the court in the hearing and subsequent order. **See** Filing No. 79 - TR.; Filing No. 88 - Order. Much of the discovery in this matter thus far has included large-scale document production, a process by which the defendant has produced documents in response to the plaintiff's requests on a rolling basis over a period of several months. Certainly some of the issues associated with the disclosure of documents to nonparties in discovery were anticipated at the time of the hearing (Filing No. 79 - TR. 47) and the submission of the parties' separate proposed protective orders and the accompanying joint letter to the court in October 2010 (Filing No. 106 - Index of Evidence, Exs. 2-4). However, the Protective Order was issued early in that process and before a reasonable amount of time had passed for the plaintiff to review those documents and determine any need to disclose them to nonparties in the course of discovery.

The Protective Order is broad in its coverage, allowing the parties to designate documents as "Confidential" within the scope of Fed. R. Civ. P. 26(c), and includes specific procedures for the disclosure of confidential documents to nonparties. **See** Filing No. 89 - Protective Order. Moreover, the Protective Order contains the following provision: "Any party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate." *Id.* at ¶ 12. That provision mirrors the language of the parties' separate proposed protective orders; therefore, both parties anticipated the possibility of modification. **See** Filing No. 106 - Index of Evidence, Exs. 2-4. Although the defendant argues it relied on the terms of the Protective Order in producing unredacted documents, the court finds the defendant's reliance somewhat overstated. The court further finds the defendant is not entitled to the more exacting standard articulated by the Second Circuit in *AT&T Corp*.

The court finds the plaintiff has met its burden and sufficient protections remain in place regarding confidential documents produced by the defendant. Therefore, the court will allow modification to the Protective Order as discussed below.

A.  Paragraphs 4 & 6

The plaintiff is not currently precluded from contacting other bond holders to inquire about information they received from U.S. Bank, the Mount Vernon Securities Lending Trust, and FAF Advisors Inc., regarding the Short Term Bond fund and comparing their responses to the information provided to the plaintiff as a bond holder, without notifying the defendant.  However, the plaintiff is unable to disclose any relevant documents produced by the defendant in furtherance of those inquiries, except as narrowly proscribed by the terms of the Protective Order.  The court finds the plaintiff's arguments persuasive with respect to its requested addition of categories of individuals, to which access to confidential documents is limited, enabling the plaintiff to conduct discovery relevant to its claims against the defendant.  On the other hand, the court finds the defendant's objections to the requested modifications largely unconvincing, given that adequate protections will remain in place including the Written Assurance and the 5-day notice provisions of paragraph 6.

Therefore, the court will allow paragraph 4 to be modified to included the addition of subsections (h) and (i), and the opening language of subsection (g), "persons called to give testimony" shall be replaced with "persons who may be called to give testimony." Further, reference to subsections 4(h) and 4(i) will be included in paragraph 6.  The provisions regarding the execution of the Written Assurance and the 5-day notice to opposing counsel will remain.

B.  Paragraph 5 - Documents Produced by Third Parties

With respect to paragraph 5 of the Protective Order (Filing No. 89), the court agrees with the defendant that the current protective order does not require third parties to designate the documents they produce, either voluntarily or pursuant to subpoena, as confidential; instead, third parties "may" so designate.  *Id.* at ¶ 5.  The plaintiff makes no showing of intervening circumstances eliminating the potential prejudice to the third parties who want to designate their documents "Confidential" regardless of whether they are produced voluntarily or pursuant to subpoena.  Therefore, the court will not remove the protection provided to third parties by the current protective order by modifying the first sentence of paragraph 5 as requested by the plaintiff.

However, contrary to the defendant's statements, the current protective order does require any documents produced by third parties to be treated as confidential for a 14-day period of time during which "any party may designate such documents as 'Confidential.'" *Id.* The plaintiff argues "the Protective Order should be modified to read that records received by third parties, **in response to a subpoena**, are treated as confidential for purposes of the Protective Order." Filing No. 101 - Brief p. 7. The court agrees. The court sees no reason to automatically treat documents voluntarily produced by third parties as "Confidential" allowing the parties 14 days to designate those documents as "Confidential" under the provisions of the Protection Order, in the absence of any showing of prejudice to the parties.

The court will modify paragraph 5 of the Protective Order, with added language indicated in bold, as follows:

> Third parties producing documents in the course of this action may also designate documents as "Confidential," subject to the same protections and constraints as the parties to the action. A copy of the **Amended** Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties, **pursuant to subpoena**, shall be treated as "Confidential" for a period of 14 days from the date of their production, and during that period any party may designate such documents as "Confidential" under the terms of the Protective Order.

Upon consideration,

**IT IS ORDERED:**

1. The plaintiff's Motion to Amend Protective Order (Filing No. 100) is granted, in part, and denied, in part.

2. An Amended Protective Order shall be filed separately.

DATED this 26th day of April, 2011.

BY THE COURT:
 s/ Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.