## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **WOODMEN OF THE WORLD LIFE INSURANCE SOCIETY,** | ) ) ) | |
| **Plaintiff,** | ) ) | **8:09CV407** |
| v. | ) ) | **ORDER** |
| **U.S. BANK NATIONAL ASSOCIATION, et al.,** | ) ) ) ) | |
| **Defendants.** | ) | |

This matter is before the court on U.S. Bank's Motion To Prevent Disclosure Of Confidential Information Without Further Clarification And Information Sufficient To Allow Objection To Be Made (Filing No. 161) and Woodmen's Motion To Disclose Confidential Information To Other Short Term Bond Fund Participants And For Rule 37 Sanctions (Filing No. 164). The parties have submitted briefs (Filing Nos. 162, 165, 167, 174) and indexes of evidence (Filing Nos. 163, 166, 168, 175) in support of their respective positions.

### BACKGROUND

On May 25, 2011, Woodmen of the World Life Insurance Society (Woodmen) sent defendants U.S. Bank National Association (U.S. Bank) and Emile C. Busse, Jr. (Busse) notice of Woodmen's intent to disclose documents designated by U.S. Bank as Confidential to "[c]ertain board members, trustees, employees, and advisors involved with and/or representatives of participants in U.S. Bank's securities lending program." **See** Filing No. 163 - Ex. 1. U.S. Bank responded to Woodmen stating U.S. Bank objected to the intended disclosure for two reasons: the description of those to whom the disclosure was to be made was insufficient under the Amended Protective Order (Filing No. 145), and Woodmen's notice failed to identify the confidential documents to be disclosed. **See** Filing No. 163 - Ex. 2. U.S. Bank reminded Woodmen that "no such disclosure may occur until Woodmen obtains the prior approval of the Court or of U.S. Bank." ***Id.***

Prior to filing the current motions, counsel for Woodmen and U.S. Bank conferred during a telephone conference on May 31, 2011, in an effort to reach an agreement as to the disclosure.[1]  **See** Filing Nos. 162 and 165.  Woodmen followed up on June 1, 2011, with correspondence to U.S. Bank that included a "List of Short-Term Bond Participants and people to whom Woodmen may disclose USB documents marked 'Confidential.'" **See** Filing No. 166-1 - Ex. C.  U.S. Bank responded to Woodmen by email, stating the supplemental information was insufficient.  **See** Filing No. 166-1 - Ex. D.

Unable to resolve the matter between themselves, on June 1, 2011, U.S. Bank filed its motion asking the court to prevent disclosure under Woodmen's May 25, 2011, notice and to require Woodmen

> to provide the name and address, if known, or, if not, then the employer of, position, and title of the person to whom information will be disclosed and to provide at least a substantive description of the information to be disclosed to that person in its 5-day notice under ¶ 6 of the Amended Protective Order, and in any further such notice.

**See** Filing No. 162 - Brief p. 2.  U.S. Bank contends Woodmen has failed to provide a reasonable description of the persons to which Woodmen intends to disclose U.S. Bank's confidential documents.  *Id.*  U.S. Bank further contends Woodmen has failed to identify, or to provide even a general description of the confidential information it intends to disclose.  *Id.*  **See also** Filing No. 167 - Brief p. 5.  U.S. Bank argues it is therefore unable to determine whether or not Woodmen's intended disclosures are objectionable.  *Id.*

On June 10, 2011, Woodmen responded to U.S. Bank's motion and filed its own motion seeking an order holding Woodmen's notice of its intended disclosure of confidential information sufficient under the provisions of the Amended Protective Order. **See** Filing Nos. 164 - Motion.  Woodmen contends its original notice, along with its supplemental information, provide a "reasonable description" of the board members, trustees, employees, or advisors of the Short Term Bond Fund participants to which Woodmen intends to disclose the confidential information, as required by the Amended

---

[1] Counsel for Busse also participated in the telephone conference but Busse did not participate in briefing the motions.

Protective Order.  **See** Filing No. 174 - Reply p. 7.  Woodmen further argues the Amended Protective Order does not require the parties to identify the documents to be disclosed and U.S. Bank is unable to cite any such provision in the order.  *Id.* at 10.  Woodmen contends U.S. Bank's designation of nearly all of the documents it produced as "Confidential" created the problem of uncertainty.  "Having chosen this ill-advised strategy, U.S. Bank should not be permitted to remedy this mistake by shifting the burden to Woodmen and forcing Woodmen to cull through hundreds of thousands of documents and pick, choose and identify the ones Woodmen intends to disclose or discuss with third parties."  **See** Filing No. 174 - Reply p. 11.  Woodmen insists the task would be "practically impossible" and would "cause Woodmen's counsel to reveal their mental thoughts and processes, thereby giving U.S. Bank an unfair strategic advantage."  **See** Filing No. 165 - Brief p. 6.  Moreover, Woodmen argues "U.S. Bank's motion is procedurally improper and should be summarily overruled."  *Id.* at 7.  Woodmen contends U.S. Bank, by filing its preemptive motion, failed to follow the provisions of the Amended Protective Order which provide that the party seeking to disclose confidential documents must get the court's approval upon objection.  *Id.*  Woodmen further contends U.S. Bank's motion is essentially either a motion for a protective order to prevent discovery by Woodmen, or a motion to amend the Amended Protective Order by adding provisions or terms not previously included.  *Id.* at 7-8.  Finally, Woodmen seeks Rule 37 sanctions against U.S. Bank and asks the court to award Woodmen attorney's fees on the basis that U.S. Bank's objections "lack any basis."  **See** Filing No. 164 - Motion p. 2.

## ANALYSIS

### A.  Identity of Individuals

The provision of the Amended Protective Order at issue in this discovery dispute is paragraph 6, which states:

> Each person appropriately designated pursuant to paragraphs 4(f), 4(g), 4(h) and/or 4(i) above to receive and/or review Confidential information shall execute a "Written Assurance" in the form attached as Exhibit A prior to receiving and/or reviewing any such document.  Opposing counsel shall be

3

>notified at least 5 business days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of or any customer of the party whose designated documents are sought to be disclosed. Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a party objects in writing to such disclosure withing 5 business days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

**See** Filing No. 145 - Amended Protective Order p. 2-3.

The language of the Amended Protective Order does not specifically require notice to opposing counsel of an intended disclosure of confidential documents to other participants in the Short Term Bond Fund or the U.S. Bank securities lending program. However, the court implied otherwise in its order granting, in part, Woodmen's motion to amend the original protective order. In discussing its decision to allow amendment of the Protective Order to add "[b]oard members, trustees, employees, or advisors of other participants in the US Bank securities lending program" and "[o]ther potential witnesses or members of the Short Term Bond Fund at issue in this case," paragraphs 4(h) and (i), to the categories of individuals to which access to confidential documents is limited, the court noted that "adequate protections will remain in place including the Written Assurance and the 5-day notice provisions of paragraph 6." **See** Filing No. 144 - Order p. 8; Filing No. 145 - Amended Protective Order p. 2. In doing so, the court alluded to a 5-day notice requirement for disclosure to individuals belonging to the added subsections. The court recognizes paragraph 6 could have been more artfully phrased to more adequately address the amendments to paragraph 4. However, Woodmen appears to have interpreted the Amended Protective Order to require such notice, as it sent notice to U.S. Bank on May 25, 2011, stating: "Pursuant to paragraph 6 of the Amended Protective Order issued by Judge Thalken on April 26, 2011, please be advised that Woodmen intends to disclose documents designated by U.S. Bank as Confidential to the following persons: Certain board members, trustees, employees, and advisors involved with and/or

representatives of participants in U.S. Bank's securities lending program." **See** Filing No. 163 - Ex. 1.

While both Woodmen and U.S. Bank appear to interpret the Amended Protective Order as requiring notice to the opposing party of any intentions to disclose confidential documents, they clearly disagree as to the substance of that notice. Woodmen argues the "reasonable description" language applies only to

> outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) *who are retained by a party or its Attorneys* to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to give testimony in this action;

as defined in paragraph 4(f) of the Amended Protective Order. **See** Filing No. 145 - Amended Protective Order p. 2 (emphasis added). "Since Woodmen has not retained any of the other Short Term Bond Fund participants, the language U.S. Bank references in the Amended Protective Order does not apply to the contact person of the other Short Term Bond Participants and Woodmen's disclosure is sufficient." **See** Filing No. 165 - Brief p. 4. "Moreover, requiring Woodmen to provide additional identifying information for this group would be nonsensical given the fact that the names of contact persons for each Fund are already known to U.S. Bank." **See** Filing No. 165 - Brief p. 4. U.S. Bank contends Woodmen should be ordered "to provide the name and address, if known, or, if not, then the employer of, position, and title of the person to whom information will be disclosed." **See** Filing No. 162 - Brief p. 2. U.S. Bank also argues Woodmen is required to give "a description of the persons to whom Woodmen *actually intends* to display confidential documents" rather than a "blanket" notice describing "a *class of persons* to whom it *may* decide to display such documents." **See** Filing No. 167 - Reply p. 3-4.

For the notice to have any meaning, it must provide to the party who's confidential documents are to be disclosed, information sufficient to permit an objection to be made. U.S. Bank included the "reasonable description" language in its proposed draft of the original protective order. **See** Filing No. 106 - Index of Evidence, Ex. 2. The court does not find the phrase, "reasonable description," synonymous with "name and address" as

U.S. Bank now suggests. Had U.S. Bank wanted to require such notice to include the name and address of the person to whom the confidential documents would be disclosed, U.S. Bank certainly could have included language to that effect in its proposed order. To require the notice to reflect the level of specificity currently argued for by U.S. Bank would be to add additional terms to the Amended Protective Order not previously proposed or requested by the parties without a proper motion to amend. The court will refrain from doing so.

With respect to U.S. Bank's contention that Woodmen's "List of Short-Term Bond Participants and people to whom Woodmen may disclose USB documents marked 'Confidential'" (Filing No. 166-1 - Ex. C) provides insufficient notice under the Amended Protective Order, the court finds U.S. Bank's arguments unpersuasive. Woodmen's intentions to confer with representatives of other Short Term Bond Fund participants to discuss the basis for Woodmen's claims against U.S. Bank have been clear from early in this litigation. **See, e.g.,** Filing No. 79 - Transcript 27-29. Moreover, Woodmen's motion to amend the original protective order (Filing No. 100), announced Woodmen's intentions to disclose confidential discovery documents to those participants. Given U.S. Bank's familiarity with the identity of the board members, trustees, employees, or advisors of the Short Term Bond Fund participants, Woodmen's initial notice (Filing No. 163 - Ex. 1) is arguably sufficient. In any event, the supplemental information provided by Woodmen clearly furnished U.S. Bank with sufficient notice under the provisions of the Amended Protective Order. The court recognizes that Woodmen's supplemental information consists of a list of all of the Short Term Bond Fund participants and the individuals listed as the contact person for each participant. The court also recognizes Woodmen's litigation strategy may involve disclosure of confidential documents to only a portion of that list. Nevertheless, the court will not impose on Woodmen a duty to disclose its litigation strategy in order to meet the specificity of notice demanded by U.S. Bank.

### B. Identity of Information

In response to the parties' arguments at the August 24, 2010, hearing on the plaintiff's motion to compel (Filing No. 62), the court ordered the parties to "submit to the

court a draft protective order to address documents sought with respect to other participants in the short-term bond fund, agreed to by the parties, or if no agreement is reached, separate draft orders, from which the court will select." See Filing No. 88 - Order ¶ 4. The separate draft orders submitted by the parties, covered a much broader range of discovery than outlined in the court's order. See Filing No. 106 - Index of Evidence, Exs. 2-4. After considering both drafts, the court adopted U.S. Bank's draft with minor alterations. See Filing No. 89 - Protective Order. Then on April 26, 2011, in response to Woodmen's motion to amend the protective order (Filing No. 100), the court entered an Amended Protective Order expanding the categories of individuals to which Confidential documents could be disclosed in accordance with the provisions of the order. See Filing No. 145 - Amended Protective Order. Neither the Protective Order, nor the Amended Protective Order require the parties to identify or provide a reasonable description of the confidential documents or information they seek to disclose. See Filing No. 89 - Protective Order; Filing No. 145 - Amended Protective Order. Moreover, the court notes the proposed orders submitted to the court from the parties did not contain any such provision. See Filing No. 106 - Index of Evidence, Exs. 2-4.

U.S. Bank argues the large volume of confidential documents produced in discovery makes it impossible to know which information Woodmen intends to disclose, therefore leaving U.S. Bank unable to determine whether the intended disclosure is objectionable. The court recognizes the large volume of documents produced by U.S. Bank in this litigation complicates the process, but the court is also cognizant that by designating nearly all of its produced documents "Confidential," U.S. Bank is largely responsible for creating or compounding its current predicament. As Woodmen correctly notes, had U.S. Bank been more selective in its designations, it would have known what documents were at issue. See Filing No. 174 - Reply p. 11.

The Amended Protective Order does not require the parties to identify the particular confidential documents they intend to disclose to third parties. Contrary to its argument, U.S. Bank is not entitled to "at least a substantive description of the information to be disclosed. . . ." See Filing No. 162 - Brief p. 2. To find otherwise would require the court to add terms, not previously proposed or requested by the parties, to the Amended

Protective Order creating further barriers to the parties' discovery efforts. The court will refrain from doing so. The court finds Woodmen's notice of its intent to disclose confidential information sufficient under the Amended Protective Order.

### C. Rule 37 Sanctions

Woodmen asks the court to impose Rule 37 sanctions against U.S. Bank and award Woodmen attorney's fees associated with opposing U.S. Bank's motion (Filing No. 161) and with bringing its own motion (Filing No. 164). **See** Filing No. 164 - Motion p. 2. Woodmen contends U.S. Bank, by filing its preemptive motion, failed to follow the provisions of the Amended Protective Order. Moreover, Woodmen argues U.S. Bank's objections are baseless, merely causing additional delay in discovery and additional expense to Woodmen.

While U.S. Bank's motion seems to be preemptive, the court notes U.S. Bank's objections appear to be directed at the form of Woodmen's notice rather than the intended disclosure itself. U.S. Bank argues Woodmen's notice provides insufficient information to allow U.S. Bank to make objections. The court finds U.S. Bank's objections are substantially justified, even though they are rejected by this court. As discussed above, the language of paragraph 6 of the Amended Protective Order is somewhat ambiguous with respect to the notice requirement and the phrase "reasonable description" is arguably subject to different interpretations. Under the circumstances, the court does not find the imposition of sanctions warranted in this case and will not assess sanctions against U.S. Bank with regard to the instant discovery dispute. Upon consideration,

**IT IS ORDERED:**

1. U.S. Bank's Motion To Prevent Disclosure Of Confidential Information Without Further Clarification And Information Sufficient To Allow Objection To Be Made (Filing No. 161) is denied.

2. Woodmen's Motion To Disclose Confidential Information To Other Short Term Bond Fund Participants And For Rule 37 Sanctions (Filing No. 164) is granted in part

and denied in part. The court finds Woodmen's notice compliant with the Amended Protective Order. Woodmen's request for Rule 37 sanctions is denied.

DATED this 25th day of July, 2011.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.