IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WOODMEN OF THE WORLD LIFE INSURANCE SOCIETY, a Nebraska Not-For-Profit Fraternal Benefit Society, | ) ) ) ) | 8:09CV407 |
| Plaintiff/Counter-Defendant, | ) ) ) | |
| v. | ) ) | MEMORANDUM AND ORDER |
| U.S. BANK NATIONAL ASSOCIATION, U.S. BANCORP ASSET MANAGEMENT, INC., a Delaware Corporation, formerly known as FAF Advisors, Inc., U.S. BANCORP, a Delaware Corporation, | ) ) ) ) ) ) ) | |
| Defendants/ Counter-Claimants, | ) ) ) | |
| EMIL C. BUSSE, JR., | ) ) | |
| Defendant. | ) | |

This matter is before the court on defendant Emil Busse's motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), for failure to state a claim under Fed. R. Civ. P. 12(b)(6), and to strike under Fed. R. Civ. P. 12(f), Filing No. 169.[1] This is an action for damages for negligence, breach of contract, fraud, misrepresentation, breach of fiduciary duty and violations of the Minnesota Unlawful Trade Practices Act and the Minnesota Consumer Protection Act involving allegations that defendants U.S. Bank National Association, U.S. Bancorp Asset Management, Inc., and U.S. Bancorp (hereinafter, collectively, "U.S. Bank") breached a securities lending agreement and U.S.

---

[1] Busse also moves for oral argument, but the court finds argument is not necessary. Also pending is defendant Busse's motion to strike portions of the plaintiff's surreply brief, Filing No. 224. The court finds that motion should be denied.

Bank and its employee, defendant Emil C. Busse, Jr., made misrepresentations and omissions of material fact with respect to investments in mortgage-backed securities. Defendant Busse is a resident of Minnesota and was employed at U.S. Bank as Managing Director of its Securities Lending Program and Portfolio Manager of the Mount Vernon Securities Lending Short Term Bond Portfolio. Woodmen alleges that defendant Busse was an actual or ostensible agent of U.S. Bank at all times relevant to the suit and alleges that he and other U.S. Bank agents misrepresented or omitted material facts concerning the risks, value, liquidity and volatility of certain securities and investments. Woodmen further alleges that Busse manipulated computer systems, fraudulently inflated values and made false and misleading statements on which Woodmen relied to its detriment. It further alleges that U.S. Bank is vicariously liable for Busse's acts and omissions under the doctrine of respondeat superior and general agency principles. U.S. Bank has counterclaimed against Woodmen based on a "hold harmless" clause of the agreement. Jurisdiction is based on diversity of citizenship.

Busse first asserts that this court lacks personal jurisdiction over him because there are insufficient minimum contacts with the State of Nebraska. He next asserts that the plaintiff's second amended complaint fails to allege fraud with the requisite specificity and fails to state a claim against him in his personal capacity. Further, he asserts that Woodmen's tort claims are barred because they are not independent of the claims based in contract, that Woodmen has failed to allege an economic loss, that Woodmen's claim under the Minnesota Securities Act is barred by the statute of limitations, and that Woodmen has failed to state a claim under Minnesota Consumer Protection statutes.

2

Alternatively, he moves to strike a Securities Exchange Commission Order attached to the plaintiff's amended complaint.

In opposition to the motion, the plaintiff has submitted evidence showing that Busse was Woodmen's contact person at U.S. Bank with respect to its securities lending program. See Filing Nos. 185, 186, 187, Indices of Evidence. There is also evidence that Busse, on behalf of U.S. Bank, contacted Woodman numerous times for sales or marketing efforts, including visits, e-mails and telephone calls. *Id.*

The facts are set out in the court's earlier order denying U.S. Bank's motion to dismiss and need not be repeated here. See Filing No. 70, Memorandum and Order. This court granted the plaintiff leave to file an amended complaint adding defendant Busse as a party. See Filing No. 138.

    I.  LAW

        A.  Personal jurisdiction

"A federal court may assume jurisdiction over a foreign defendant only to the extent permitted by the forum state's long-arm statute and by the Due Process Clause of the Constitution." *Dakota Indus., Inc. v. Ever Best Ltd.*, 28 F.3d 910, 915 (8th Cir. 1994). "To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff need only make a prima facie showing of personal jurisdiction over the defendant." *Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558, 561 (8th Cir. 2003). To determine whether a plaintiff has presented a prima facie case, this court views the evidence in the light most favorable to the plaintiff and resolves all factual conflicts in the plaintiff's favor. *Id.*

"Jurisdiction over a nonresident defendant must satisfy the requirements of the forum state's long-arm statute and of due process." *Id.* Nebraska's long-arm statute

allows this court to exercise personal jurisdiction over a person who: (1) transacts any business in the state; (2) contracts to supply services or things in the state; (3) causes tortious injury by an act or omission in the state; and (4) causes tortious injury in the state by an act or omission outside the state if the person regularly does or solicits business in the state.  *See* Neb. Rev. Stat. § 25-536(a)-(d).  Nebraska's long-arm statute has been construed to permit jurisdiction to the extent of constitutional limits.  *Pecoraro,* 340 F.3d at 558.

The Due Process Clause requires the existence of "minimum contacts" between a defendant and the forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). The requisite minimum contacts must be based upon "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).  In addition, even where "minimum contacts" are established, the Due Process Clause also forbids the exercise of personal jurisdiction where it nonetheless would be inconsistent with "traditional notions of fair play and substantial justice." *Asahi Metal Indus. Co. v. Superior Court of Calif.*, 480 U.S. 102, 113 (1987) (quoting *Int'l Shoe,* 326 U.S. at 316.

"The minimum contacts necessary for due process may be the basis for either 'general' or 'specific' jurisdiction." *Pangaea, Inc. v. Flying Burrito LLC*, 647 F.3d 741, 745-46 (8th Cir. 2011) (quoting *Johnson v. Arden*, 614 F.3d 785, 794 (8th Cir. 2010).  The general jurisdiction of the state's courts can be exercised to allow the state to resolve both matters that originate within the state and those based on activities and events elsewhere

4

when there are circumstances or a course of conduct from which it is proper to infer an intention to benefit from and thus an intention to submit to the laws of the forum, such as explicit consent, presence within a state at the time suit commences through service of process, or citizenship, domicile, or incorporation or principal place of business for corporations. *J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S. Ct. 2780, 2787 (2011) (plurality opinion); *see also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–15 & n. 9 (1984) (stating that general jurisdiction arises when a defendant's contacts with the forum state are so "continuous and systematic" that the defendant may be subject to suit there even for causes of action that are distinct from the in-state activities).

There is a more limited form of submission to a state's authority for "disputes that 'arise out of or are connected with the activities within the state.'" *Id.* at 2787. Specific jurisdiction is conferred where a defendant "purposefully avails itself of the privilege of conducting activities within the forum State" and thereby "submits to the judicial power of an otherwise foreign sovereign to the extent that power is exercised in connection with the defendant's activities touching on the State." *Id.* at 2787-88 (stating "[i]n other words, submission through contact with and activity directed at a sovereign may justify specific jurisdiction in a suit arising out of or related to the defendant's contacts with the forum") (internal quotation omitted). "The question is whether a defendant has followed a course of conduct directed at the society or economy existing within the jurisdiction of a given sovereign, so that the sovereign has the power to subject the defendant to judgment concerning that conduct." *Id.* at 2789.

In the Eighth Circuit, when evaluating a challenge to personal jurisdiction, courts consider the following five factors:  (1) the nature and quality of the defendant's contacts with the forum state; (2) the quantity of the defendant's contacts with the forum state; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. *Burlington Industries, Inc. v. Maples Industries, Inc.*, 97 F.3d 1100, 1102 (8th Cir. 1996).

### B.  Fed. R. Civ. P. 12(b)(6)

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The rules require a "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 n.3. (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).  In order to survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable and 'that a recovery is very remote and unlikely.'"  *Id.*  (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  "On the assumption that all the allegations in the complaint are true (even if doubtful in fact)," the allegations in the complaint must "raise a right to relief above

the speculative level." *Twombly*, 550 U.S. at 555-56.  In other words, the complaint must

plead "enough facts to state a claim for relief that is plausible on its face."  *Id.* at 547.

Determining whether a complaint states a plausible claim for relief is "a context-specific

task" that requires the court "to draw on its judicial experience and common sense."

*Ashcroft v. Iqbal,* 556 U.S. 662, —, 129 S. Ct. 1937, 1950 (2009).   When there are

well-pleaded factual allegations, a court should assume their veracity and then determine

whether they plausibly give rise to an entitlement to relief.  *Id.*

Under the Federal Rules, a party alleging fraud "must state with particularity the

circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  The rule is interpreted "'in harmony

with the principles of notice pleading,' and to satisfy it, the complaint must allege 'such

matters as the time, place, and contents of false representations, as well as the identity of

the person making the misrepresentation and what was obtained or given up thereby.'"

*Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009) (*quoting  Schaller Tel. Co.*

*v. Golden Sky Sys., Inc.*, 298 F.3d 736, 746 (8th Cir.2002)).  Essentially, the complaint

"must plead the 'who, what, where, when, and how' of the alleged fraud.'"  *Drobnak,* 561

F.3d at 783 (quoting *United States ex rel. Joshi v. St. Luke's Hosp.*, 441 F.3d 552, 556 (8th

Cir. 2005)) . Because this higher degree of notice is intended to enable the defendant to

respond specifically and quickly to potentially damaging allegations, conclusory allegations

that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the

rule.  *Drobnak,* 561 F.3d at 783.  Allegations pleaded on information and belief usually do

not meet Rule 9(b)'s particularity requirement, except "when the facts constituting the fraud

are peculiarly within the opposing party's knowledge."  *Id.* at 783-84 (stating that the rule

is satisfied if the allegations are accompanied by a statement of facts on which the belief

is founded).  Rule 9(b) does not require that the exact particulars of every instance of fraud

be alleged, so long as the complaint includes enough detail to inform the defendant of the

"core" factual basis for the fraud claims.  *See Commercial Property Invs. v. Quality Inns*

*Int'l*, 61 F.3d 639, 646 (8th Cir. 1995).

An agent who does an act that is otherwise a tort is not relieved from liability by the

fact that he or she acted under the scope of his or her employment for a principal. See

Restatement (Third) of Agency § 7.01 (2006).  "The justification for this basic rule is that

a person is responsible for the legal consequences of torts committed by that person."  *Id.*,

§ 7.01, cmt. b.  A tort committed by an agent constitutes a wrong to the tort's victim

independently of the capacity in which the agent committed the tort and the injury suffered

by the victim of a tort is the same regardless of whether the tortfeasor acted independently

or happened to be acting as an agent or employee of another person.  *Id.*; *see also Fulk*

*v. McLellan*,  498 N.W.2d 90, 96-97 (Neb. 1993) (stating that pursuing relief for acts

committed by an individual is not prohibited simply because the employee may have been

acting in his or her representative capacity at the time of the alleged wrongful acts).

Under Minnesota law, an action for securities fraud must be brought within the

earlier of two years after discovery of the facts constituting the violation or five years after

the violation.  Minn. Stat. § 80A.76.  A right of action for securities fraud accrues when the

plaintiff actually discovers the facts constituting the violation, or when a reasonably diligent

plaintiff would have discovered the facts constituting the violation, whichever comes first.

*See Nerman v Alexander Grant & Co.*, 926 F. 2d 717 (8tn Cir. 1990); Minn. Stat. §

80A.76(j)(2).

C.   Fed. R. Civ. P. 12(f)

Under Fed. R. Civ. P. 12(f), courts may strike "from any pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Courts enjoy liberal discretion to strike pleadings under this provision. *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007). Striking a party's pleading, however, is an extreme and disfavored measure. *Id.* A motion to strike should not be used to strike allegations that supply important contest and background to a suit. *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1060 (8th Cir. 2000).

II.   DISCUSSION

A.   Personal Jurisdiction

The court finds that defendant Busse's contacts with the state of Nebraska are sufficient to give this court jurisdiction over defendant Busse. The assertion of personal jurisdiction is consistent with traditional notions of fair play and substantial justice. The plaintiff has presented evidence that Busse, on behalf of U.S. Bank, purposefully availed itself of the privilege of conducting business activities in this state. There is no doubt that U.S. Bank has "continuous and systematic contacts" with this state. Although defendant Busse lives in Minnesota, U.S. Bank targeted Woodmen in marketing campaigns and solicited Woodmen's business. Busse was the contact person for Woodmen. The nature and quality of contacts weighs in favor of jurisdiction. The quantity of the contacts is also sufficient to weigh in favor of jurisdiction. The claims are directly related to the activity of entering into securities lending agreements with a Nebraska corporation. Further, the court finds Nebraska has an interest in providing a forum for its residents for injuries of this nature and the convenience of the parties also favors Nebraska. Accordingly, the court finds the defendant's motion to dismiss for lack of personal jurisdiction should be denied.

In its earlier order, the court addressed the particularity of the allegations involving fraud and misrepresentation and the pleading standards under Minnesota's consumer protection statutes in connection with the plaintiff's amended complaint. Busse attempts to resurrect several of the same arguments. The court has reviewed the second amended complaint and finds it contains sufficiently particularized allegations of fraud with respect to Busse. Numerous instances of failure to disclose material information are detailed in the complaint. Woodmen has alleged facts sufficient to put Busse on notice of the claims against him. The court finds Woodmen's second amended complaint crosses the threshold from conceivable to plausible and thus should not be dismissed for failure to state a claim. Accordingly, for the reasons stated in the court's earlier order, the court finds Busse's motion to dismiss for failure to state a claim should be denied.

Busse's argument that the plaintiff's second amended complaint fails to state a claim against him in his individual capacity is similarly unavailing. An employee is not protected from individual liability for torts committed within the scope of employment. Even if U.S. Bank faces liability as an employer for the tortious acts of its agents or employees, there is no impropriety in also suing an agent individually for his or her allegedly wrongful conduct. The plaintiff has alleged claims of fraudulent and negligent misrepresentation, negligence and breach of fiduciary duty, which are torts. An agent or employee is always liable for his own torts, whether his employer is liable or not. A plaintiff is entitled to seek recourse against each potentially responsible individual party.

The court also rejects Busse's contention that the plaintiff fails to sufficiently allege torts by Busse because the gravamen of the plaintiff's claim is breach of contract against U.S. Bank. No breach of contract claim has been asserted against Busse and the alleged

tortious conduct by Busse involves actions that are independent of the contract with U.S. Bank.

The court further finds that Woodmen's Minnesota securities fraud claim is not barred by the applicable statute of limitations.  The acts at issue occurred in late 2007 and early 2008.  Woodmen alleges in the second amended complaint that it could not have reasonably discovered the fraud until the Fall of 2010 as the result of discovery in this case and the November 22, 2010 SEC order.  Taking the plaintiff's allegations as true, it is not clear on the face of the complaint that Woodmen's claim against Busse is barred.

The court finds the SEC order attached to the second amended complaint provides context and background for the claims and is not unduly prejudicial.  The court sees no reason to strike the attachment to the pleading.  Accordingly,

IT IS ORDERED that:

1.  Defendant Busse's motion to dismiss (Filing No. 169) is denied.

2.  Defendant Busse's motion to strike portions of the plaintiff's surreply brief (Filing No. 224) is denied.

3.   Defendant Busse shall file an answer within 7 days of the date of this order.

DATED this 25th day of October, 2011.

BY THE COURT:


s/Joseph F. Bataillon
Chief District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.