**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **WOODMEN OF THE WORLD LIFE INSURANCE SOCIETY,** | ) | |
| **Plaintiff,** | ) | **8:09CV407** |
| **v.** | ) | **ORDER** |
| **U.S. BANK NATIONAL ASSOCIATION, U.S. BANKCORP ASSET MANAGEMENT, INC., f/k/a FAF ADVISORS, INC., U.S. BANCORP, and EMIL C. BUSSE, JR.,** | ) | |
| **Defendants.** | ) | |

This matter is before the court on two of the defendants' motions to compel the plaintiff to provide answers to interrogatories and responses to requests for production. Both motions relate to whether the defendants have served an excessive number of interrogatories and, if so, good cause exists to increase the previous limitation on the number of interrogatories for these parties. The plaintiff opposes the defendants' relief sought.

## BACKGROUND

This action arises out of losses the plaintiff sustained through its participation in the defendants' securities lending and cash collateral investment program. **See** Filing No. 143 - Second Amended Complaint. Woodmen of the World Life Insurance Society (Woodmen) alleges the defendants U.S. Bank National Association, U.S. Bancorp Asset Management, Inc. (USBAM), and U.S. Bancorp (collectively U.S. Bank) breached a securities lending agreement and U.S. Bank and its employee, the defendant Emil C. Busse, Jr. (Busse), made misrepresentations and omissions of material fact with respect to investments in mortgage-backed securities. ***Id.***

The action was initially filed on November 12, 2009, with a 34-page, 151-paragraph, 12-claim complaint against U.S. Bank National Association. **See** Filing No. 1. On March

24, 2010, the court entered an initial progression order based on the complexity of the case against the single defendant. **See** Filing No. 28. Although the Federal Rules of Civil Procedure limit the parties' discovery to twenty-five interrogatories and ten depositions, absent a court order, the initial progression order set forth the following expansion of those limitations:

> Each party is limited to serving one hundred (100) interrogatories on any other party. The plaintiffs as a group, and the defendants as a group, are each limited to taking twenty (20) depositions in this case, without leave of court.

***Id.*** ¶ 6; **see also** Fed. R. Civ. P. 30(a)(2)(A)(i), 33(a)(1).

After entry of the progression order, the parties began the discovery process. On April 22, 2011, the plaintiff filed a Second Amended Complaint adding three defendants with an 82-page, 306-paragraph, 17-claim pleading. **See** Filing No. 143. On January 5, 2012, the court entered a progression order enlarging the number of allowable depositions and scheduling trial for February 11, 2013. **See** Filing No. 295 ¶¶ 1, 9. The progression order also set the summary judgment deadline for October 11, 2012, and the end of fact discovery for May 1, 2012. ***Id.*** ¶¶ 2-3. The deadline for filing discovery-related motions for matters then ripe for decision was April 2, 2012. ***Id.*** ¶ 3(c). The parties' current discovery disputes relate to discovery sought by the defendants Busse and USBAM from Woodmen.

The defendant Busse filed his Expedited Motion for Leave of Court to Serve Additional Interrogatories and to Compel Answers to Interrogatories and Responses to Request for Documents Directed at Woodmen (Filing No. 346) with a brief (Filing No. 347) and an index of evidence (Filing Nos. 348 and 349). Busse contends the court should compel responses to relevant interrogatories and requests for production due to the complexity of the plaintiff's complaint and cost and time constraints, despite the court's previous numerical limitation. Woodmen filed a brief (Filing No. 367) in response, arguing most of the interrogatories served by Busse are in excess of the one hundred interrogatory limit imposed by the court. Furthermore, Woodmen contends Busse failed to confer to resolve disputed discovery after Woodmen served supplemental responses and fails to show good cause or other legal justification to increase the number of interrogatories permitted. Busse filed a brief (Filing No. 371) in reply.

The defendant USBAM filed its Expedited Motion to Compel Answers to Interrogatories From Woodmen of the World Life Insurance Society (Filing No. 352) with a brief (Filing No. 353) and an index of evidence (Filing Nos. 354, 355, 356, 357, and 358). USBAM seeks responses to fourteen numbered (eighteen including subparts) "narrowly tailored" interrogatories for the purpose of clarifying or explaining Woodmen's denials of previously served Requests for Admission. USBAM contends that, although it has a commonality of interest and shares counsel with two of the other defendants, under the circumstances of the case it should not be considered one "party" with those defendants for purposes of serving interrogatories. Woodmen filed a brief (Filing No. 364) and an index of evidence (Filing No. 365) in response, arguing USBAM and co-defendants U.S. Bank National Association and U.S. Bancorp have held themselves out to be one party during this litigation and should be limited to one hundred interrogatories as a group. The subject interrogatories are the first served by USBAM, individually, but bring the total served by the three U.S. Bank defendants to over one hundred. USBAM filed a brief (Filing No. 372) in reply.

## ANALYSIS

### A. Meet and Confer

A motion to compel or other discovery motion is governed by the federal and local rules requiring the parties to confer about the dispute prior to seeking court involvement. **See** Fed. R. Civ. P. 37(a)(5); NECivR 7.0.1(i). With regard to Busse's motion, Woodmen disputes whether Busse's counsel made an adequate attempt to resolve the discovery dispute prior to filing the motion to compel. **See** Filing No. 367 - Response Brief p. 2, p. 6-8. The Local Rules state:

> To curtail undue delay in the administration of justice, this court only considers a discovery motion in which the moving party, in the written motion, shows that after personal consultation with opposing parties and sincere attempts to resolve differences, the parties cannot reach an accord. This showing must also state the date, time and place of the communications and the names of all participating persons. "Personal consultation" means person-to-person conversation, either in person or on the telephone. An exchange of letters,

> faxes, voice mail messages, or e-mails is also personal consultation for purposes of this rule upon a showing that person-to-person conversation was attempted by the moving party and thwarted by the nonmoving party.

**See** NECivR 7.0.1(i); **see also** Fed. R. Civ. P. 37(a)(5) (requiring good faith efforts by the moving party to resolve the dispute prior to filing a motion to compel, otherwise precluding expense-shifting on a successful motion).

Busse served his first set of discovery requests, including interrogatories and requests for production, on Woodmen on January 4, 2012. **See** Filing No. 288 - Notice of Service. On February 10, 2012, Woodmen served answers, responses, and objections to the discovery. **See** Filing No. 305 - Notice of Service. On March 7, 2012, Busse responded to Woodmen's objections in writing including a "meet and confer position" with regard to certain interrogatories and requests for production. **See** Filing No. 349 - Hennessey Aff. ¶ 4, Ex. A, Ex. B. Counsel for the parties conferred on March 7, 12, and 15, 2012, but were unable to reach an accord. ***Id.*** ¶ 24. Counsel for Woodmen refused to answer additional interrogatories claimed to exceed the one hundred interrogatory limit and maintained other objections including an absence of definitions for certain terms, an overly broad scope of time, and that Busse, himself, should already have access to the information or documents requested. ***Id.*** Nevertheless, Woodmen agreed to supplement the discovery in certain limited ways. ***Id.*** On March 22, 2012, Woodmen served supplemental answers, responses, and objections to the discovery. **See** Filing No. 332 - Notice of Service. The parties did not confer again about the discovery prior to Busse filing his motion on April 2, 2012. **See** Filing No. 367 - Response Brief p. 1; **see also** Filing No. 349 - Hennessey Aff. ¶ 24.

Woodmen argues Busse's motion to compel should be denied for Busse's failure to comply with the meet and confer requirements of NECivR 7.0.1(i) because he failed to confer after service of the supplemental answers, responses, and objections on March 22, 2012. **See** Filing No. 367 - Response Brief p. 2, p. 6-8. Woodmen suggests there were new objections raised in the supplemental version, but not subsequently addressed. ***Id.*** at 6. However, under the circumstances, the court finds Busse's conduct was sufficient to comply with the requirements of NECivR 7.0.1(i) and Fed. R. Civ. P. 37. The parties

conferred about the substance of their discovery dispute resulting in both parties making concessions and Woodmen providing supplemental responses. The supplemental responses still contain objections. These objections are not novel such that additional conferences between the parties would likely address and resolve the parties' differences. To the extent Woodmen did lodge "new" objections, such objections would likely have been waived as untimely asserted. Accordingly, the court will address the merits of Busse's motion below.

In a different, yet related argument, Woodmen contends USBAM prematurely filed its April 2, 2012, motion to compel[1] prior to Woodmen's deadline for filing any response to the discovery requests, which were served on March 30, 2012. **See** Filing No. 364 - Response Brief p. 2. Woodmen acknowledges USBAM first confirmed with Woodmen that Woodmen took the position USBAM was not entitled to serve any interrogatories. ***Id.*** at 2. Based on the timing of the motion to compel, Woodmen argues USBAM's motion is more appropriately treated as a motion for leave to serve additional interrogatories, rather than a motion to compel. ***Id.*** at 2-3. Accordingly, to the extent USBAM's motion to compel implicates NECivR 7.0.1 and Rule 37, the court finds USBAM conferred sufficiently for the court to resolve the issue of whether USBAM would be allowed to serve the interrogatories to obtain Woodmen's responses and objections. The court will not address whether Woodmen may have valid objections aside from the sheer number of interrogatories served.

**B. Number of Interrogatories**

Woodmen contends the interrogatories served upon it by both Busse and USBAM exceed the numerical limit of one hundred interrogatories set by the court in the March 24, 2010, initial progression order. These parties do not dispute the manner of counting interrogatories under the local rules. **See** NECivR 33.1(c); ***Prochaska & Assoc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.***, 155 F.R.D. 189, 191 (D. Neb. 1993) ("Not numbering the sub-parts of interrogatories does not change the fact that, if the

[1] It appears USBAM filed the motion to compel on the April 2, 2012, deadline for filing discovery motions "then ripe for decision" rather than await the forgone objection.

interrogatories require discrete pieces of information, those interrogatories are to be counted as if the sub-parts were specifically itemized."). While USBAM contends it, individually, has not yet served any interrogatories, both of the moving defendants seek to modify the progression order to increase the interrogatory limit.

A party seeking to modify a scheduling order has the burden to show good cause for any modification. Fed. R. Civ. P. 16(b)(4). "A schedul[ing order] may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause means the party has shown "diligence in attempting to meet the case management order's requirements." ***Bradford v. DANA Corp.***, 249 F.3d 807, 809 (8th Cir. 2001) (noting the standard is "a less forgiving" one not taken lightly by the courts); **see** ***Sherman v. Winco Fireworks, Inc.***, 532 F.3d 709, 717 (8th Cir. 2008). The court also considers other factors such as prejudice to parties opposing modification. ***Bradford***, 249 F.3d at 809. In the scheduling order, the court allowed each party to serve up to one hundred interrogatories on any other party. **See** Filing No. 28 p. 2 ¶ 6. "The purpose of [the limit] is to reduce the frequency and increase the efficiency of interrogatory practice." Fed. R. Civ. P. 33(a) advisory committee's note (1993). "Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2)." Fed. R. Civ. P. 33(a)(1).

**1. USBAM's Interrogatories**

Woodmen argues USBAM should be considered as one party with U.S. Bank National Association and U.S. Bancorp when determining the maximum number of interrogatories that may be served on Woodmen under the terms of the scheduling order governing this case. **See** Filing No. 364 - Response Brief p. 3. Woodmen reasonably argues circumstances in a particular case may lead a court to treat related corporate parties as a single "party" for interrogatory purposes. ***Id.*** at 4 (**citing** ***Zito v. Leasecomm Corp.***, 233 F.R.D. 395, 399 (S.D.N.Y. 2006); ***Vinton v. Adam Aircraft Indus., Inc.***, 232 F.R.D. 650 (D. Colo. 2005)); **see** Charles Alan Wright, et al., Federal Practice & Procedure § 2168.1 at 261 (2d ed. 1994) ("In instances of legally related parties such as a parent

corporation and its subsidiary, this could be particularly attractive."). In support of this position, Woodmen shows:

> (1) the three corporate defendants are legally related parent and subsidiary corporations that are represented by the same counsel,
> (2) the three defendants have behaved in concert and acted as a single entity throughout discovery,
> (3) the three defendants have previously objected to treating them as separate entities, and
> (4) there was only one defendant at the time the Court's order was entered.

***Id.*** at 3.

Assuming USBAM may not independently serve interrogatories, Woodmen contends the U.S. Bank defendants fail to show good cause for expanding the allowable number of interrogatories. **See** Filing No. 364 - Response Brief p. 5-6. The two issues are intertwined such that the need and relevance of the discovery weighs against the fairness of allowing related parties to effectively double (or triple) the number of allowable interrogatories. USBAM urges the court to take a "common sense approach" by relying on the plain language of the scheduling order and considering the substance rather than the number of the interrogatories. **See** Filing No. 372 - Reply Brief p. 3.

USBAM contends the plain language of the scheduling order allows USBAM, as a party, to serve the interrogatories irrespective of what discovery other parties have served. **See** Filing No. 353 - Brief p. 1. By contrast, USBAM notes, the scheduling order places an additional boundary with regard to depositions by stating the numerical limitation applies to "the defendants as a group," rather than "each party," as is the case with interrogatories. ***Id.*** (**citing** Filing No. 28 p. 2 ¶ 6). USBAM argues its relationship to the other defendants is immaterial where there has not been a showing the discovery requests create an undue burden or are duplicative or harassing. **See** Filing No. 372 - Reply Brief p. 4.

Moreover, USBAM contends the additional interrogatories "are narrowly tailored and are intended to clarify Plaintiff's factual positions; therefore, making USBAM's motion for summary judgment, and, if necessary, any trial, more efficient." **See** Filing No. 353 - Brief p. 2. The proposed interrogatories concern the conduct of Robert Maher, who has already been deposed, and explanations regarding Woodmen's denials of certain requests for

admission. **See** Filing No. 372 - Reply Brief p. 5. USBAM asserts Woodmen would suffer no undue burden or prejudice if it is required to respond to eighteen additional interrogatories. ***Id.*** at 1-2. This is particularly true since the time has expired for parties to serve additional discovery requests. ***Id.*** at 2. USBAM argues Woodmen added USBAM as a party, after U.S. Bank had already served ninety-five of the allotted one hundred interrogatories, and seeks a judgment of over $47 million against it in a complex case, which further justifies the additional relevant discovery. ***Id.***

The court finds, under the present circumstances, USBAM is a party who may serve interrogatories upon Woodmen. USBAM's relationship to the other U.S. Bank defendants is significant. However, there was only one defendant when the court imposed a limit on the number of permissible interrogatories and substantial discovery had already taken place when USBAM became a party. This case presents complex issues which may benefit from additional clarity and narrowing.

In the alternative, USBAM met the burden of showing good cause as to why a limited number of additional interrogatories would be appropriate. The court considered the complexity of this case when it set the initial limit, with only one defendant, and as the complexity of the case has expanded the number of interrogatories may reasonably expand as well. USBAM does not seek free reign to serve unspecified interrogatories. It appears USBAM diligently attempted to refrain from serving any additional interrogatories. The additional interrogatories are limited in scope and purpose based on, but not duplicative of, prior discovery. Accordingly, USBAM's motion to expand the number of interrogatories allowed is granted. The court's authorization for USBAM to serve the interrogatories and finding of good cause does not limit or resolve any legal objections Woodmen may have based on the substance of the interrogatories.

**2. Busse's Interrogatories**

Busse's January 4, 2012, interrogatories contain eighteen separately numbered interrogatories. **See** Filing No. 349 - Ex. A. Busse had not previously served any interrogatories. Woodmen states it responded to Busse's Interrogatory Nos. 1-6 and a portion of Interrogatory No. 7, until Woodmen had responded to one hundred total

interrogatories, including sub-parts. **See** Filing No. 367 - Response Brief p. 4. Woodmen objected to the remainder of Interrogatory No. 7 and all subsequent interrogatories, as excessive. ***Id.*** at 4-5. Woodmen did not lodge any other objections to the unanswered interrogatories. **See** Filing No. 349 - Ex. A.

In response to Woodmen's objections to providing the requested interrogatory responses, Busse seeks the court's leave to serve a number of interrogatories greater than the initial one hundred. **See** Filing No. 371. Woodmen asserts Busse's motion is more akin to a motion to modify a scheduling order to increase the number of allowable interrogatories, than to a motion to compel. **See** Filing No. 367 - Response Brief p. 5. Woodmen argues Busse fails to show good cause to justify a further expansion of the number of interrogatories allowed. ***Id.***

Busse's motion does not specify whether he seeks to have Woodmen respond to any or all the of unanswered interrogatories or to pose new interrogatories. Busse's motion does not specify the number of additional interrogatories he deems necessary or sufficient to complete discovery. Busse does support his motion with reference, in counsel's affidavit, to arguments related to the necessity for Woodmen's responses to Interrogatory Nos. 7-10, 17, and 18. **See** Filing No. 349 - Hennessey Aff. ¶¶ 12-17. Busse contends answers to these interrogatories are relevant to the claims against him and necessary to narrow the issues for trial. **See** Filing No. 347 - Brief p. 2. Additionally, Busse states the requested information, although essential, was not part of Woodmen's initial discovery disclosures or contained in the Rule 26(f) report due to the timing of filing the complex and lengthy Second Amended Complaint. ***Id.*** Busse contends the responses may negate the need for several depositions. ***Id.*** Moreover, Busse argues an application of Fed. R. Civ. P. 1 to the history in this case requires the court to allow additional interrogatories. **See** Filing No. 371 - Reply Brief p. 1. Specifically, he asserts, that since he is named personally in eleven of the claims against the defendants, he should be allowed to obtain "obviously" relevant discovery spelling out Woodmen's evidence against him. ***Id.*** at 2.

There is no dispute Busse is entitled to relevant discovery under the federal rules to defend himself in this action. Woodmen does not dispute the relevance of the information sought through the excessive interrogatories. The problem lies in the manner

in which Busse seeks discovery. The rules governing the parties limit the manner Busse may seek information. Busse's burden of showing good cause to exceed the standard limitations is not onerous, but does require Busse "to reduce the frequency and increase the efficiency of interrogatory practice." Fed. R. Civ. P. 33(a) advisory committee's note (1993). In addition to this efficiency, not as an alternative, the good cause requirement imposes a duty on a party to make diligent efforts to comply with discovery limitations. Busse served eighteen separately numbered interrogatories, which, according to Woodmen, actually numbered over one hundred interrogatories midway through Interrogatory No. 7. Busse now seeks a court order compelling Woodmen to fully respond to Interrogatory Nos. 7-10, 17, and 18.

The court will address the discovery mentioned in counsel's affidavit as Woodmen has had an opportunity to address those specific interrogatories. However, Busse failed to meet his burden of showing good cause as to why the court should compel responses to the interrogatories or requests not mentioned in his motion, brief, and supporting materials. **See** NECivR 7.0.1(a)(1)(A) ("A party's failure to brief an issue raised in a motion may be considered a waiver of that issue."). The court will first address Interrogatory No. 8, then the remaining disputed interrogatories below.

Interrogatory No. 8 seeks the identity of all persons who have first hand knowledge of any of the matters described in the Second Amended Complaint. **See** Filing No. 349 - Ex. A p. 37 (Page ID # 5378). This interrogatory is duplicative of the plaintiff's obligation to satisfy the requirements of Fed. R. Civ. P. 26(a)(1)(A)(i). Accordingly, the court will not compel the plaintiff to serve a separate response to this interrogatory. However, the plaintiff is under the continuing obligation to supplement the initial mandatory disclosures pursuant to Fed. R. Civ. P. 26(e)(1).

Interrogatory No. 7 states:

> With respect to the misrepresentations and fraud by Busse as alleged in paragraphs 3, 4, 40, 43, 47, 52, 59, 68, 111, 117, 165(k), 186(f), 206, 215, 226, 240, 254, 263, 273 and 283 of the Second Amended Complaint set forth a complete factual basis for each allegation, and:
>
> a. the exact nature and substance of each alleged false representation or fraud, the date when and place of the

> alleged representations were made or fraud occurred, and the individual representing Plaintiff to whom the alleged false representation were made or fraud occurred;
>
> b. identify all documents concerning each alleged false representation or fraud; and
>
> c. the facts supporting Plaintiff['s] allegation that Busse either knew or should have known that each of the representations of fraudulent statements were in fact false or made without knowing whether they were true or false.

**See** Filing No. 349 - Ex. A p. 5 (Page ID # 5346). Woodmen responded to Interrogatory No. 7 except as it relates to paragraphs 240, 254, 263, 273, and 283 of the Second Amended Complaint. ***Id.***

Interrogatory No. 9 states:

> To the extent that Plaintiff claims that Defendant Emil C. Busse, Jr. failed to advise Plaintiff or failed to inform Plaintiff or concealed from Plaintiff or failed to provide to Plaintiff or withheld information from Plaintiff, as alleged in paragraphs 3, 76, 84, 111, 139, 165, 186, 240 and 273 of the Second Amended Complaint, identify:
>
> a. What information or document should have been provided to Plaintiff by Busse but was not;
>
> b. The date the information or document should have been provided by Busse to Plaintiff but was not;
>
> c. All evidence that Busse had a legal duty to so advise, inform, disclose or provide; and
>
> d. All facts supporting the conclusion that the duty to so advise, inform, disclose or provide to Plaintiff had been delegated to Busse by the trustees of Mount Vernon Securities Lending Trust or Busse's employer.

**See** Filing No. 349 - Ex. A p. 38 (Page ID # 5379).

Interrogatory No. 10 states:

> Identify the language of each and every document which imposes a duty to disclose upon Busse.

**See** Filing No. 349 - Ex. A p. 39 (Page ID # 5380).

Interrogatory No. 17 states:

> Identify the complete factual basis for any claim that Busse was negligent and that such negligence caused damages to Plaintiff.

**See** Filing No. 349 - Ex. A p. 42 (Page ID # 5383).

Interrogatory No. 18 states:

> For each misrepresentation or fraud attributed to Busse in Plaintiff's Second Amended Complaint, identify all facts showing that the alleged fraud or misrepresentation was made with Busse's knowledge of its falsity or made with Busse's reckless disregard of its truth or falsity.

**See** Filing No. 349 - Ex. A p. 42 (Page ID # 5383).

Upon review of all of Busse's interrogatories and the plaintiff's responses, the court finds good cause exists to expand the number of permissible interrogatories to include Interrogatory Nos. 7, 9, 10, 17, and 18. The information sought is undoubtedly relevant to the plaintiff's claims and Busse's defenses in this matter. Although the number of interrogatories, as counted by the plaintiff, are numerous, the extent of the subparts is necessary based on the number of allegations in the plaintiff's complaint. For example, in Interrogatory No. 7 Busse may have asked the question more broadly by removing any reference to the complaint's numbered paragraphs thus seeking the same information but decreasing the countable interrogatories. Busse appears to have been diligent in his attempt to simplify the discovery process by identifying the complaint's numbered paragraphs. Moreover, the manner and content of Interrogatory Nos. 1-6 do not demonstrate any lack of diligence. Finally, Woodmen does not suggest it is subject to undue prejudice or burden by having to answer the additional interrogatories. Accordingly, Busse's motion to expand the number of interrogatories allowed is granted with respect to Interrogatory Nos. 7, 9, 10, 17, and 18. The motion is denied as to Interrogatory No. 8 only because the plaintiff is already under a continuing obligation to provide the information sought pursuant to Fed. R. Civ. P. 26(a) and (e).

## C. Requests for Production

Federal Rule of Civil Procedure 34 allows a party serve any other party with a request to produce and permit the requesting party or its representative to inspect or copy designated documents or electronically stored information "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1)(A). The request "must describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). The scope of the request is limited by Rule 26(b), which provides: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents . . . ." Fed. R. Civ. P. 26(b)(1). "Broad discovery is an important tool for the litigant, and so '[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'" ***WWP, Inc. v. Wounded Warriors Family Support, Inc.***, 628 F.3d 1032, 1039 (8th Cir. 2011) (**quoting** Fed. R. Civ. P. 26(b)(1)). However, "[t]he District Court does have discretion to limit the scope of discovery." ***Credit Lyonnais v. SGC Int'l, Inc.***, 160 F.3d 428, 431 (8th Cir. 1998).

To determine if a matter is discoverable, the analysis requires the court to first determine whether the sought discovery is relevant to a claim or defense. "Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." ***Hofer v. Mack Trucks, Inc.***, 981 F.2d 377, 380 (8th Cir. 1992). Relevancy is to be broadly construed for discovery issues and is not limited to the precise issues set out in the pleadings. Relevancy, for purposes of discovery, has been defined by the United States Supreme Court as encompassing "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 351 (1978). Discovery requests are relevant if there is any possibility that the information sought is relevant to any issue in the case and should ordinarily be allowed, unless it is clear that the information sought can have no possible bearing on the subject matter of the action. **See** ***Marker v. Union Fidelity Life Ins. Co.***, 125 F.R.D. 121 (M.D.N.C. 1989); ***Morse Diesel, Inc. v.***

***Fidelity & Deposit Co.***, 122 F.R.D. 447 (S.D.N.Y. 1988). Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity, the information they hope to obtain and its importance to their case. **See** ***Cervantes v. Time, Inc.***, 464 F.2d 986, 994 (8th Cir. 1972). "Determinations of relevance in discovery rulings are left to the sound discretion of the trial court and will not be reversed absent an abuse of discretion." ***Hayden v. Bracy***, 744 F.2d 1338, 1342 (8th Cir. 1984).

Once the requesting party meets the threshold relevance burden, generally "[a]ll discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden." ***Continental Ill. Nat'l Bank & Trust Co. of Chicago v. Caton***, 136 F.R.D. 682, 684-85 (D. Kan. 1991). "For each item or category [requested], the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). Rule 34(b) further provides that "[t]he party upon whom the request is served shall serve a written response within 30 days after the service of the request." ***Id.*** The party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper. ***St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.***, 198 F.R.D. 508, 511-12 (N.D. Iowa 2000) (objecting party has the burden to substantiate its objections). Bare assertions that discovery requested is overly broad, unduly burdensome, oppressive or irrelevant are ordinarily insufficient to bar production. ***Id.*** "The party resisting discovery must show specifically how . . . each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive." ***Id.*** (citations omitted). This imposes an obligation to provide sufficient detail and explanation about the nature of the burden in terms of time, money and procedure required to produce the requested documents. **See** ***Wagner v. Dryvit Sys., Inc.***, 208 F.R.D. 606, 610 (D. Neb. 2001). It is insufficient for the party objecting to discovery based on relevance to simply make conclusory allegations that the request is irrelevant. ***Burnett v. Western Res. Inc.***, No. 95-2145, 1996 WL 134830, at *4 (D. Kan.

Mar. 21, 1996). If the discovery sought appears relevant, the opposing party bears the burden of specifically showing how each discovery request is irrelevant. ***Id.***

Busse seeks an order compelling Woodmen to provide responsive documents with regard to Request for Production Nos. 3, 6, 10, and 14. **See** Filing No. 349 - Hennessey Aff. ¶¶ 18-21.

Request for Production No. 3 states:

> All documents and electronically stored information identifying the nature and extent of each fiduciary duty owed by Busse to Plaintiff.

**See** Filing No. 349 - Ex. B p. 4 (Page ID # 5390).

Woodmen initially objected to Request for Production No. 3 as "overly broad, ambiguous, vague and not limited in time or scope." ***Id.*** More specifically, Woodmen objected to Request for Production No. 3 because the term "fiduciary duty" was not defined. **See** Filing No. 349 - Ex. B p. 4 (Page ID # 5390). Nevertheless, Woodmen stated it would review documents and would produce any responsive documents on a rolling basis subject to any objections. ***Id.*** Busse agreed to narrow the time frame for the request to the years 2003 through 2008, and stated, "[t]he term 'fiduciary duty' or 'fiduciary duties' is defined the same as those terms are meant to be understood by Plaintiff as alleged by Plaintiff in its Second Amended Complaint." ***Id.*** at 5. Woodmen provided a supplemental response to Request for Production No. 3, objecting to production of documents prior to 2005. ***Id.*** Woodmen further objected:

> As to documents within the 2005-2008 timeframe, Woodmen stands on its prior objections, as the entirety of the request is overly broad, ambiguous, vague and not limited in time or scope. It further calls for a legal conclusion and seeks the mental impressions of Plaintiff's counsel. All of the documents produced to Plaintiff by U.S. Bank are already within the possession of Busse's counsel and may be located by Busse's own search, review and legal analysis of them.

***Id.***

The court must first determine whether the sought discovery is relevant to a claim or defense. Busse meets his burden of showing Request for Production No. 3 seeks relevant documents. Request for Production No. 3 is directly related to Woodmen's

allegations against Busse. For example Woodmen alleges U.S. Bank National Association violated fiduciary duties it owed to Woodmen based on the conduct of Busse who was the actual or apparent agent for U.S. Bank National Association. **See, e.g.,** Filing No. 143 - Second Amended Complaint ¶¶ 13, 81, 120, 182-204. Additionally, Woodmen alleges "USBAM and Busse acted in a fiduciary capacity with respect to Woodmen[,]" but "breached their fiduciary duties of care, fidelity, loyalty, and good faith to Woodmen in one or more of the following [eighteen] particulars." ***Id.*** ¶¶ 183, 186 (listing "particulars"). However, Busse fails to provide any explanation or argument regarding a limited time period. Woodmen concedes the period from 2005 through 2008 is a relevant period of time. Accordingly, the court will limit Busse's discovery requests to the time period of January 1, 2005, through December 31, 2008. Woodmen fails to provide any support for its remaining objections that the request is vague or ambiguous, particularly in light of Busse's supplemental definition of "fiduciary."

Busse's possession of one or more of the documents sought in a request for production does not impact Woodmen's burden of production in this instance. **See *Walt Disney Co. v. DeFabiis***, 168 F.R.D. 281, 284 (C.D. Cal. 1996) (finding response to request insufficient where respondent merely stated opposing party already possessed documents); ***Cook v. Rockwell Int'l Corp.***, 161 F.R.D. 103, 105 (D. Colo. 1995). Woodmen fails to show the burden of production is unusual, undue, or extraordinary. **See *Evergreen Trading, LLC ex rel. Nussdorf***, 80 Fed.Cl. 122, 136 (Fed. Cl. 2007) (noting "unless burdensomeness is demonstrated, the fact that a discovery request may lead to the discovery of documents already possessed does not necessarily bar that discovery"). Busse's request seeks production of documents that form the basis of Woodmen's allegations against Busse. Woodmen's untimely objections with regard to the production request calling for a legal conclusion or seeking attorney's mental impression are waived. **See *In re Papst Licensing GMBH & Co. KG Litig.***, 550 F. Supp. 2d 17, 22 (D. D.C. 2008). In any event, Busse is entitled to discovery of the relevant factual basis, which may exist in documents, for Woodmen's claims. Finally, Woodmen's response stating it will provide documents on a rolling basis fails to provide Busse with any standard for determining whether Woodmen has responded in full or established explicit, or even

reasonable, boundaries on production. Accordingly, Busse's motion to compel is granted with regard to Request for Production No. 3, except that production is limited to the time period between January 1, 2005, and December 31, 2008.

Request for Production No. 6 states:

> All documents and electronically stored information identifying or referring to Plaintiff's inquiry into the suitability of any cash collateral investment in the securities lending program provided by Defendants.

**See** Filing No. 349 - Ex. B p. 7 (Page ID # 5393).

Woodmen objected by stating:

> Plaintiff objects to this request in that it is overly broad, ambiguous, vague and not limited in time or scope. This request lacks a definition of the term "suitability" and therefore is vague and ambiguous. See also Plaintiffs General Objections above. Plaintiff further objects to this Request in that it calls for information that may be protected by the attorney-client privilege and/or work product doctrine.

***Id.***

Busse agreed to limit the request to the years 2003 through 2008, and defined the term suitability as "to be suitable, i.e., 'fit and appropriate for the end in view' as provided in Black's Law Dictionary. . . . Busse's counsel is open to discussing an appropriate response with counsel for Woodmen with a view toward reaching an amicable solution." ***Id.*** at 7-8. Busse states this "request squarely relates to Woodmen's claims that the cash collateral investments were not suitable for Woodmen's objectives." **See** Filing No. 349 - Hennessey Aff. ¶ 19.

Busse meets his threshold burden of showing Request for Production No. 6 seeks relevant documents for the years 2005 through 2008, based on the allegations against him in the Second Amended Complaint. Woodmen fails to meet its burden of showing the remaining objections are valid. Woodmen objects to Busse's definition of the term suitability, stating the term "can have many meanings with respect to investments" but Woodmen fails to offer a more appropriate definition under the circumstances. **See** Filing No. 367 - Response Brief p. 6-7. Woodmen fails to substantiate its objections as to the attorney-client privilege and work product doctrine. Accordingly, Busse's motion to compel

is granted with respect to Request for Production No. 6, except that production is limited to the time period between January 1, 2005, and December 31, 2008.

Request for Production No. 10 states:

> All documents and electronically stored information identifying the nature and extent of Busse's duties or responsibilities owed to Plaintiff not otherwise contained in the 2006 Securities Lending Agreement between Plaintiff and Defendants.

**See** Filing No. 349 - Ex. B p. 9 (Page ID # 5395).

Woodmen initially objected to this request by stating "it is not limited in time or scope." However, Woodmen, "is currently reviewing additional documents and, subject to any objections, will produce any responsive documents on a rolling basis." ***Id.*** Busse agreed to limit the request to the years 2003 through 2008. ***Id.*** at 10. Woodmen further objected to any production of documents prior to 2005 as irrelevant and stated, "all of the documents produced by U.S. Bank to Plaintiff are already in the possession of Busse's counsel and may be located by Busse's own search and review of them." ***Id.*** For the first time in Woodmen's brief, it contends "cull[ing] out responsive documents to produce a second time would necessarily reveal the mental impressions and opinions of counsel. This is an interrogatory in the guise of a request for production." **See** Filing No. 367 - Response Brief p. 7.

Busse meets his threshold burden of showing Request for Production No. 10 seeks relevant documents for the years 2005 through 2008, based on the allegations against him in the Second Amended Complaint. Woodmen fails to meet its burden of showing the objection related to scope is valid. Woodmen raises no arguments related to the scope of the request. Again Woodmen's response was ambiguous by seeming to agree to production on a rolling basis without providing any specific or general limitation. Woodmen's later objections are unsupported under the circumstances and were waived as untimely asserted. Accordingly, Busse's motion to compel is granted with respect to Request for Production No. 10, except that production is limited to the time period between January 1, 2005, and December 31, 2008.

Request for Production No. 14 states:

> All documents and electronically stored information upon which Plaintiff relied regarding securities lending which were provided to Plaintiff by persons other than defendants.

**See** Filing No. 349 - Ex. B p. 13 (Page ID # 5399).

Woodmen objected to this request on the bases of it being "overly broad, ambiguous, vague and not limited in time or scope." ***Id.*** Busse offered to limit the request to the time period from 2003 through 2008. ***Id.*** Busse further argues he is "entitled to know whether persons or companies, other than Defendants, provided information to Plaintiff regarding securities lending." ***Id.*** Busses contends this request is relevant to the issue of reliance, which is a "key element of some of Woodmen's claims against Busse." **See** Filing No. 349 - Hennessey Aff. ¶ 21. Despite limiting the time frame of the request, the court finds Busse fails to meet his threshold burden of demonstrating the relevance of such a broad request for documents. Busse's request and argument give inadequate guidance to determine the proper scope of this request for discovery. The request is overly broad to the extent it:

> is couched in such broad language as to make arduous the task of deciding which of numerous documents may conceivably fall within its scope, . . . requir[ing] the respondent either to guess or move through mental gymnastics . . . to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request.

***Cardenas v. Dorel Juvenile Group, Inc.***, 230 F.R.D. 611, 625 (D. Kan. 2005).

Busse's request fails to include a sufficiently specific type of information, document, or event, but rather includes large or general categories of information or documents, which may or may not have anything to do with this lawsuit. Accordingly, Busse's motion to compel must be denied with regard to Request for Production No. 14. Upon consideration,

**IT IS ORDERED:**

1. Emil C. Busse, Jr.'s Expedited Motion for Leave of Court to Serve Additional Interrogatories and to Compel Answers to Interrogatories and Responses to Request for Documents Directed at Woodmen (Filing No. 346) is granted in part and denied in part.

The motion is granted with respect to Interrogatory Nos. 7, 9, 10, 17, and 18, and Request for Production Nos. 3, 6, and 10, except that production is limited to the time period between January 1, 2005, and December 31, 2008. The motion is denied as to Interrogatory No. 8 only because the plaintiff is already under a continuing obligation to provide the information sought pursuant to Fed. R. Civ. P. 26(a) and 26(e). The motion is denied as to Request for Production No. 14.

2. Woodmen shall have to **on or before May 24, 2012**, to provide supplemental responses to Interrogatory Nos. 7, 9, 10, 17, and 18, and supplement its Rule 26(a)(1) initial disclosures as necessary and Request for Production Nos. 3, 6, and 10.

3. U.S. Bancorp Asset Management, Inc.'s Expedited Motion to Compel Answers to Interrogatories From Woodmen of the World Life Insurance Society (Filing No. 352) is granted as set forth herein. USBAM is permitted to serve fourteen numbered interrogatories upon Woodmen. Such interrogatories having already been served, Woodmen shall have to **on or before May 24, 2012**, to serve answers and objections to USBAM's March 30, 2012, interrogatories.

DATED this 7th day of May, 2012.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.